El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Irizarry, acusado y apelante.

No. 5282.—*Sometido:* Enero 12, 1934. *Resuelto:* Junio 6, 1934.

*A. Ramírez Silva,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Pedro Irizarry fué condenado en grado de apelación por la Corte de Distrito de Mayagüez, al pago de una multa de $1 por haber infringido una ordenanza sobre patentes municipales vigente en dicha ciudad de Mayagüez. El apelante fué denunciado por tener "un carro o automóvil dedicado al servicio público o transporte de personas mediante el pago de automóviles dentro de los límites de la ciudad de Mayagüez, sin haberse provisto de la patente creditiva de haber pagado el impuesto municipal."

El apelante atribuye a la corte inferior un solo error que subdivide en siete fundamentos que pueden considerarse como siete errores. En primer término se alega que la ordenanza que sirvió de base a la sentencia dictada contra el acusado impone una doble contribución en cuanto se refiere a los automóviles públicos, no siendo uniforme, y habiéndose decretado y aprobado por la Asamblea Municipal de Mayagüez sin facultad ni poder alguno para ello y en

contra de la ley. La parte pertinente de la ordenanza que se impugna fija la contribución que por concepto de patentes municipales autoriza la sección 3ª. de la Ley No. 26 de la Asamblea Legislativa de Puerto Rico, aprobada en marzo 28, 1914, al mismo tipo que fija dicha sección 3ª. en los grupos A, B y C. Esta contribución se fija y debe pagarse por cualquier persona, firma, asociación, sociedad, corporación u otra forma cualquiera de organización comercial o industrial que explote o en lo sucesivo explotare, dentro de los límites jurisdiccionales de la ciudad de Mayagüez, alguno o algunos de los negocios o industrias que se especifican en la sección 2ª. de la ley citada.

Esta sección segunda especifica los negocios o industrias sobre los cuales puede imponerse la patente autorizada por la ley y entre ellos los siguientes:

"Grupo A.—Transporte de personas o carga, mediante pago, por automóviles, carros, carretas, coches o quitrines, etc."

La ordenanza que se considera infringida cubre los negocios clasificados dentro del grupo A, sobre los cuales, de acuerdo con la sección 3ª. de la ley, la contribución se impone por cada $1,000 o fracción de $1,000 en exceso de los primeros $500 de volumen de negocio realizado. De manera que la municipalidad está imponiendo una contribución por el volumen del negocio de transporte realizado dentro de sus límites jurisdiccionales.

La sección 1ª. de la ley que sirvió de base a la Asamblea Municipal de Mayagüez para aprobar la ordenanza que se considera infringida autoriza a los consejos municipales de todos los municipios de la Isla de Puerto Rico para que puedan imponer y cobrar, de acuerdo con las disposiciones de la referida ley, las patentes allí enumeradas a los tipos que en la misma se prescriben, o al tanto por ciento uniforme que dichos consejos municipales prescriban.

De acuerdo con el artículo 1ro. de la Ley para reglamentar el uso de vehículos de motor en Puerto Rico y para otros

fines, aprobada en 13 de abril de 1916, según fué enmendado en 1921 por la Ley No. 55 (pág. 423), se considerará automóvil de servicio público todo vehículo de motor que mediante retribución o pago se dedique a la conducción de pasajeros, mercancías o materiales de cualquier clase. Estos vehículos no podrán traficar sin pagar los derechos adicionales establecidos más adelante en la ley para automóviles que actúan como porteadores públicos. El artículo 10 de dicha ley entonces en vigor imponía una contribución de $20 por año a los automóviles que actuasen de porteadores públicos en un solo municipio en adición a los demás derechos prescritos, y una contribución de $30 por año a los automóviles que actuasen de porteadores públicos en más de un municipio en adición a los demás derechos prescritos. En 1926 se enmendó el artículo mencionado del modo siguiente:

"Automóviles que actúen de porteadores públicos, en adición a todos los demás derechos prescritos, por año . . . . $30."

En 1928 el artículo 10 de la referida Ley para reglamentar el uso de vehículos de motor aprobada en abril de 1916, quedó enmendado en la forma siguiente:

"El Comisionado del Interior cobrará los siguientes derechos pagaderos en sellos de rentas internas, en relación con la explotación de vehículos de motor. Los derechos que se fijan por anualidades, si no se dispusiere otra cosa, se pagarán anticipadamente por todo el año económico o por la parte de éste por correr en la fecha que se devenguen, contándose las fracciones de un mes como un mes completo.

"\* \* \* \* \* \* \*

"Por licencia de automóviles, excepción hecha de los vehículos comerciales, por caballo de fuerza, por año_____ $0.75

"\* \* \* \* \* \* \*

"Automóviles que actúen de porteadores públicos en uno o más municipios, con excepción de los que trabajan en el Municipio de Vieques, y, en adición a todos los demás derechos prescritos, por año $30.00"

El artículo 99 de la Ley de Rentas Internas de Puerto Rico, aprobada en 20 de agosto de 1925, página 653, dice así:

"A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto, ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley; Disponiéndose, que nada de lo prescrito en esta Ley se entenderá que derogue en todo ni en parte la Ley No. 26, titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto y para otros fines,' aprobada el 28 de marzo de 1914; Y disponiéndose, además, que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

El artículo 46 de la Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico, aprobada en 28 de abril de 1928, y enmendada en 1931, dice, en lo pertinente, así:

"Los ingresos municipales consistirán:

"  ❋        ❋        ❋        ❋        ❋        ❋        ❋

" (d) En la contribución por concepto de patentes establecida por la Ley No. 26 de 28 de marzo de 1914, titulada 'Ley para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar en concepto de patentes una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines,' la cual continuará en vigor.

"  ❋        ❋        ❋        ❋        ❋        ❋        ❋

" (f) En cualquier otro impuesto, arbitrio o contribución que se decretare por la Asamblea Municipal en la forma dispuesta en el artículo 26, inciso 4, de esta Ley, simpre que el objeto o materia de la contribución, arbitrio o impuesto, no haya sido objeto de algún impuesto, arbitrio o contribución federal o insular; . . ."

Como se ha visto, la ley de 1914 autoriza a los municipios para imponer una contribución por transporte de personas o carga, y el artículo 10 de la Ley para reglamentar el uso de vehículos de motor impone una contribución de $30 anuales a los automóviles que actúen de porteadores públicos en uno o más municipios.

De acuerdo con el artículo 46 de la Ley estableciendo un

gobierno local para los municipios de Puerto Rico anteriormente citada, los ingresos municipales consistirán, entre otros, de los derechos que se deriven de las patentes autorizadas por la ley de 1914, que continúa en vigor. Considera también dicho artículo, en su apartado *f*, como fuente de ingreso, cualquier otro impuesto, arbitrio o contribución, siempre que el objeto o materia de la contribución no haya sido objeto de algún impuesto, arbitrio o contribución federal o insular. De modo que cuando se trata de cualquier otro impuesto, el artículo 46 expresamente prohibe que se imponga una doble contribución. La claridad de la ley elimina toda duda en cuanto a su alcance y significación. La duda, de existir, surgiría con respecto a la facultad que pueda tener un municipio para imponer una patente, autorizada por la ley de 1914, sobre un negocio o industria que ha sido objeto de contribución por el Gobierno Insular. Sin embargo, examinando la ley a la luz de los principios generales establecidos por los tribunales en materia de contribución, y habida cuenta de la tendencia que se advierte en la Legislatura de no autorizar una contribución duplicada, la duda tiene necesariamente que resolverse en contra de la doble contribución. Esta misma ley de 1914 ofrece un ejemplo de la tendencia de nuestra Asamblea Legislativa. En el caso de *Sucrs. de C. & J. Fantauzzi* v. *Asamblea Municipal de Arroyo,* 295 Fed. 803, la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito dijo:

"Nosotros creemos que la patente impuesta de acuerdo con la ley de 1914 no era una contribución federal o insular, sino que, habiendo sido impuesta por la municipalidad y pagada en su tesorería, era una contribución municipal. No podemos escapar a la conclusión, sin embargo, de que la legislatura tuvo la intención de que cualquier otra contribución que fuese impuesta por la municipalidad no debía recaer sobre los negocios o industrias enumerados en la ley de 1914, a fin de evitar una doble contribución."

Los hechos en este caso difieren de los que sirvieron de base a la Corte de Circuito para formular sus conclusiones.

Según surge de los hechos alegados en dicho caso, la Asamblea Municipal de Arroyo impuso una patente ajustándose a los tipos fijados en la ley de 1914, y más tarde impuso una contribución adicional. La corte declaró que la Asamblea Municipal no tenía facultades para imponer esta última contribución. En el presente caso la contribución impuesta por la Asamblea Municipal de Mayagüez, tomando como base el volumen del negocio, se ajusta al tipo fijado por la ley de 1914. No se trata en este caso de una contribución adicional, impuesta por la misma municipalidad, sino de una patente requerida sobre un negocio o industria gravado ya por el Gobierno Insular. Los hechos, sin embargo, conducen a la conclusión de que ni en aquel caso ni en éste está autorizada la doble contribución.

El artículo 99 de la Ley de rentas internas de 1925 ofrece otro ejemplo del espíritu que anima a nuestra Legislatura y de su tendencia a no autorizar una doble contribución. Este artículo prohibe a una municipalidad imponer o recaudar ningún impuesto o arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de dicha ley; pero dice que nada de lo prescrito en la ley referida se entenderá que derogue en todo ni en parte la ley de 1914, y dispone que cuando la imposición de una patente esté en conflicto con una contribución de acuerdo con la Ley de rentas internas, y ambas no puedan hacerse efectivas, prevalecerá la contribución impuesta por la ley de rentas.

La intención de la Legislatura se trasluce a través de estas disposiciones. Cuando se habla de conflicto entre una patente y una contribución, y se asume la posibilidad de un caso en que ambas no puedan hacerse efectivas, es claro que se parte de la base de la validez de la patente municipal, de no estar en pugna con la contribución insular, y por lo tanto, la Legislatura ha tenido que tener en mente la doble contribución, porque no de otro modo podría surgir un conflicto entre ambas contribuciones que impidiese que las dos se hiciesen efectivas.

Además, es necesario que la Legislatura haga constar de una manera expresa e inequívoca su intención de imponer una doble tributación, para que quede destruída la presunción que prevalece en contrario. Debe evitarse en todo lo posible interpretar una ley en el sentido de autorizar una doble contribución, a menos que esta interpretación sea necesaria para hacer efectiva la intención manifiesta de la Legislatura. Sin embargo, cuando las palabras de la ley son claras, el hecho de que se establezca una doble contribución no autoriza a los tribunales para prescindir de la letra de la ley. 61 C. J. 139.

En el caso de *Commonwealth* v. *Fall Brook Coal Co.,* 26 Atl. 1071, 156 Pa. 488, la corte se expresó así:

"La corrección de otra proposición hecha por el apelado debe ser concedida, a saber, que la Legislatura tiene poder para imponer una doble contribución con tal que se haga de tal manera que asegure la uniformidad que la constitución requiere. Esto no puede hacerse arbitrariamente en un caso determinado; pero sí cuando la totalidad de la clase a la cual el objeto pertenece está sujeta al impuesto sustancialmente de la misma manera. Empero, una intención para imponer una doble contribución no debe ser presumida. La presunción está contra la existencia de tal intención y debe prevalecer hasta que sea destruída mediante palabras expresas demostrativas de la intención de imponer una doble contribución."

En el caso de *Tennessee* v. *Whitworth,* 117 U. S. 137, la Corte Suprema de los Estados Unidos dijo:

"No debe presumirse, sin embargo, una doble contribución. La justicia requiere que las cargas del gobierno, en tanto en cuanto sea posible, sean impuestas igualmente en todo, y si la propiedad está sujeta a contribución en una forma, sería ordinariamente erróneo imponerle una nueva contribución en otra forma, cuando las cargas de ambas recaen sobre la misma persona. Algunas veces las leyes de contribuciones surten este efecto; pero si es así, es porque la Legislatura lo ha expresado así de una manera inequívoca. Todas las presunciones están en contra de dicha imposición."

De acuerdo con la ley en el Estado de Ohio, la municipalidad puede imponer una contribución sobre oficio en negocios, comercios, profesiones y vocaciones, en tanto en

cuanto el estado, por conducto de su asamblea general, no haya impuesto una contribución idéntica en negocios, comercios, profesiones y vocaciones. La Corte de Apelaciones de Ohio, en el caso de *Cincinnati Oil Works Co.* v. *City of Cincinnati,* 177 N. E. 771, copia de una opinión emitida en el caso de *City of Cincinnati* v. *American Telephone Co.,* 147 N. E. 806, lo siguiente:

"Que la imposición de una contribución es un ejercicio del poder soberano, que la soberanía del estado se extiende a todos sus ángulos dentro de la municipalidad tanto como fuera de ella, es una cuestión que no está sujeta a discusión; no puede negarse que tal soberanía sería afectada si se interpretase la Constitución en el sentido de reconocer a cada subdivisión del estado igual soberanía en cuestión de tanta importancia como la materia de contribución."

A raíz de transcribir estas palabras, dice la Corte de Apelaciones:

"El punto es éste: si quedase alguna duda relativa a un conflicto entre el estado y la municipalidad, esta duda debe resolverse contra la contribución duplicada."

Tócanos ahora decidir si es éste un caso en que el objeto o materia de la patente municipal ha sido gravado también por el Gobierno Insular. La municipalidad impone una contribución por el volumen del negocio realizado dentro de sus límites jurisdiccionales; el Gobierno Insular impone una contribución de $30 anuales a los automóviles que actúan de porteadores públicos. A nuestro juicio ambas entidades, la municipal y la insular, están gravando un mismo negocio. Si se suprime la transportación, el negocio tiene necesariamente que dejar de existir. Los porteadores públicos se dedican a la conducción de pasajeros o carga mediante retribución. Para el ejercicio de este negocio es que el Gobierno Insular exige una contribución de $30 anuales. El negocio puede ser modesto o adquirir grandes proporciones. Es claro que a medida que se vaya extendiendo se irá extendiendo también la contribución, ya que tendrá que aumentar proporcionalmente el número de automóviles que se utilice para

llevar a cabo dicho negocio. En nuestro sentir la contribución impuesta por el Gobierno Insular a los porteadores públicos impide a la municipalidad imponer una nueva contribución sobre el negocio que los mismos realizan. En el caso de *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196, la compañía de vapores había establecido un servicio de transporte de pasajeros y carga entre la ciudad de Gloucester, N. J., y la ciudad de Filadelfia, Pa. El auditor general y tesorero del estado de Pennsylvania produjo una cuenta contra la compañía, de contribuciones en su capital invertido, basada en su valor de tasación. La contribución se impuso de acuerdo con una ley del estado de Pennsylvania. El caso fué resuelto en última instancia por la Corte Suprema de los Estados Unidos. Se alegó que el estado no podía imponer una contribución a una corporación extranjera con respecto a su capital invertido, si esta corporación estaba *engaged* en comercio entre estados. La Corte Suprema de la nación se expresó en los siguientes términos:

"Con respecto a la primera razón expresada, puede contestarse que el negocio de desembarcar y recibir pasajeros y cargas en el muelle de Filadelfia es una necesaria incidencia y ciertamente una parte de su transportación a través del Río Delaware desde Nueva Jersey. Sin la transportación el negocio sería imposible. Transportar significa recibir personas o propiedad en un punto para llevarlas a otro. Una contribución, por lo tanto, por recibir y desembarcar pasajeros y cargas es una contribución sobre la transportación, es decir, sobre el comercio entre los dos estados envueltos en tal transportación."

Opinamos que el criterio de la Corte Suprema en cuanto al significado de la palabra transportación y al alcance y extensión de una contribución por recibir pasajeros y cargas para trasladarlos de un punto a otro es aplicable al presente caso.

La denuncia formulada contra el acusado no imputa delito alguno. La asamblea municipal de Mayagüez carece de autoridad para imponer una contribución sobre el negocio de

transporte a que según la denuncia se dedica el acusado, toda vez que el Gobierno Insular ha fijado una contribución para el ejercicio de este negocio.

*Debe revocarse la sentencia apelada y declararse absuelto al acusado.*

El Juez Asociado Señor Wolf disintió.*