Andréu, Aguilar & Co., Inc., demandante y apelada, v. Jesús Benítez Castaño, como Administrador de la Capital de Puerto Rico, y Bolívar Pagán, como Tesorero de la Capital de Puerto Rico, demandados y apelantes.

Núm. 7638.—*Sometido:* Junio 13, 1939. *Resuelto:* Abril 26, 1940.

J. *Valldejuli Rodríguez,* abogado de los apelantes; *Juan J. Fuertes,* abogado de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

El Administrador y el Tesorero del municipio conocido ahora como Capital de Puerto Rico, demandados en un pleito de *injunction* para impedir el cobro de ciertos impuestos por concepto de patentes, apelan de una sentencia adversa. Hay dos cuestiones envueltas. La primera es si la peticionaria tenía un remedio adecuado en derecho.

El artículo 46 de la "Ley para establecer un gobierno especial para la Capital de Puerto Rico, y para otros fines", aprobada el 15 de mayo de 1931 (leyes de ese año, páginas

627 y 653), confirió a la Corte de Distrito de San Juan juris-
dicción:

".  "(*b*) Para suspender, mediante *injunction*, la ejecución de cual-
quier ordenanza, acuerdo, resolución u orden de la Junta de Comi-
sionados, de la Junta Administrativa y cualquier funcionario de la
Capital que lesione derechos garantizados por la Ley Orgánica o por
las leyes insulares."

En 1933 (leyes de ese año, pág. 255) se agregó un nuevo
artículo a la ley de 1931. Éste trata del pago de las con-
tribuciones bajo protesta y sobre la devolución de las mis-
mas al considerárseles injustas o ilegales. El remedio era
exclusivo. Nada se dispuso sobre el pago de intereses. El
remedio era inadecuado. *Plaza Provision Co. Inc.* v. *Bení-
tez, Administrador*, 51 D.P.R. 657.

▮ La segunda cuestión envuelve la validez de ciertas
ordenanzas municipales.

Las secciones 1 y 2 de la "Ley para autorizar a los muni-
cipios de la Isla de Puerto Rico a imponer y cobrar, en
concepto de patentes, una contribución anual . . . y para
otros fines," aprobada el 28 de marzo de 1914 (leyes de ese
año, pág. 181), autorizan a los concejos municipales de todos
los municipios de la Isla de Puerto Rico a imponer y cobrar
a toda persona, firma o corporación dedicada a "la venta de
automóviles o materiales para éstos . . ." o a "guardar y
reparar automóviles" ciertas patentes. Entre las fuentes
de ingresos provistas por el artículo 40 de la Ley núm. 99
"para establecer un gobierno especial para la Capital de
Puerto Rico, y para otros fines", aprobada el 15 de mayo
de 1931 (leyes de ese año, págs. 627, 649) figuran:

"(*e*) Contribución por concepto de patentes comerciales e in-
dustriales, según la Ley núm. 26 de la Asamblea Legislativa de
Puerto Rico aprobada en 28 de marzo de 1914 y sobre los demás
establecimientos comerciales e industriales que proveyere la Junta
de Comisionados según se expresa en el artículo 18 de esta Ley."

El artículo 18 de la misma ley provee en parte como sigue (pág. 637):

"Entre las facultades legislativas de la Junta de Comisionados, estarán especialmente las siguientes, sujetas a las demás disposiciones de esta ley:

" *      *      *      *      *      *      *

"(4) La imposición de contribuciones y arbitrios razonables dentro de los límites jurisdiccionales de la capital; *Disponiéndose*, que, a los efectos de la aplicación de la Ley de patentes de industrias y de comercio decretada por la Asamblea Legislativa de Puerto Rico en 28 de marzo de 1914, la Junta de Comisionados queda por la presente autorizada para incluir mediante ordenanza o resolución cualesquiera establecimientos o agencias de industria y comercio que no se hubieren enumerado en la expresada ley."

La sección 99 de la Ley núm. 85 "para proveer rentas para El Pueblo de Puerto Rico mediante la imposición . . . de ciertos arbitrios y de licencias sobre determinadas ocupaciones, industrias o negocios, . . . y para otros fines," aprobada el 20 de agosto de 1925 (leyes de ese año, páginas 585, 653), dispone:

"A partir del día en que esta ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta ley; *Disponiéndose,* que nada de lo prescrito en esta ley se entenderá que derogue en todo ni en parte, la Ley Núm. 26 titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines,' aprobada el 28 de marzo de 1914; *Y disponiéndose, además,* que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

La peticionaria, como traficante en vehículos de motor y en piezas, accesorios, llantas de goma y tubos interiores para vehículos de motor, había pagado la contribución por licencia impuéstale por el artículo 84 de la Ley de Rentas Internas,

tal cual fué enmendada por la Ley núm. 17 de 3 de junio de 1927 (leyes de ese año, págs. 459, 477) y por la Ley núm. 83 de 6 de mayo de 1931 (leyes de ese año, páginas 505, 517). Las ordenanzas que dieron lugar a este pleito de *injunction* disponían el pago de contribuciones similares sobre el mismo negocio. Ellas eran *ultra vires* y nulas. *Mayagüez L. P. & I. Co.* v. *Green,* 36 D.P.R. 324; *Porto Rico Distilling Co.* v. *Seijo,* 42 D.P.R. 423, y *Pueblo* v. *Irizarry,* 46 D.P.R. 898.

*Debe confirmarse la sentencia apelada.*