COMPAÑÍA AZUCARERA DEL TOA, demandante y apelada, v. MUNICIPIO DE TOA BAJA, demandado y apelante.

Número 10982.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 13 de abril de 1954.

*José R. Fournier,* abogado del apelante; *Gabriel de La Haba,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El Municipio de Toa Baja, a los efectos del cobro de una patente municipal, calculó en $3,167,246.72 el volumen de los negocios de la Compañía Azucarera del Toa, por el año natural de 1949, y fijó una contribución o patente a su indus-

tria de manufactura de azúcar y mieles, montante a la cantidad de $2,592 con respecto al año económico 1950–51, cuya cantidad fué pagada bajo protesta por esa entidad, la cual, posteriormente, demandó en el tribunal a quo al Municipio de Toa Baja, reclamando la devolución de esa cantidad. La Sala de Bayamón del Tribunal Superior finalmente dictó sentencia declarando con lugar la demanda, por el fundamento de que la Ley de Rentas Internas de Puerto Rico impone una contribución (insular) sobre la fabricación, venta, traspaso, uso, consumo o introducción en Puerto Rico de azúcar, y la Ley núm. 254 de 1938 (pág. 498) impone una contribución sobre las mieles y que una vez el gobierno de Puerto Rico imponga una contribución bajo la Ley de Rentas Internas sobre cualquier artículo, los municipios no pueden imponer o recaudar ningún impuesto o arbitrio sobre esos mismos artículos. El municipio demandado ha apelado ante este Tribunal de esa sentencia y ha señalado los siguientes errores:

"No consideró la cuestión de procedimiento alegada por la parte demandada-apelante, en relación con el cobro de imposición de patentes comerciales e industriales, de acuerdo con la sección (13) de la Ley sobre patentes municipales de 1914.

"Cometió error al concluir el tribunal que la parte demandada-apelante, Municipio de Toa Baja, no tenía facultad por ley para imponerle la contribución por patentes que impuso a la parte demandante-apelada, y declarar con lugar la demanda en el caso de epígrafe."

■■ Efectivamente, los artículos en cuestión en el caso de autos, azúcar y mieles, estaban sujetos a contribución bajo la Ley de Rentas Internas cuando el municipio apelante impuso otro impuesto sobre esos mismos artículos, bajo la forma de una patente municipal, y en virtud de una ordenanza municipal. Siendo ello así, tanto la ordenanza como el impuesto municipal aquí envuelto son nulos e inválidos. *San Miguel & Cía.* v. *Diez de Andino, Tes.*, 71 D.P.R. 344 y casos allí citados. En el caso de San Miguel ya citado se dijo lo siguiente, a la página 346:

"La Ley de Rentas Internas de Puerto Rico (Ley núm. 85 de 1925, pág. 585) en su sección 99 dispone:

" 'A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley; *Disponiéndose,* que nada de lo prescrito en esta Ley se entenderá que derogue en todo ni en parte, la Ley No. 26 titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines, aprobada el 28 de marzo de 1914'; Y *disponiéndose, además,* que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá.'

"Fundándose en la sección 99 que acabamos de transcribir, este Tribunal reiteradamente ha decidido que una vez que un artículo ha quedado sujeto a contribución bajo la Ley de Rentas Internas, ningún municipio puede gravarlo con otro impuesto, ya sea bajo la forma de patente municipal o de cualquier otro arbitrio local. *Porto Rico Distilling Co.* v. *Seijo,* 42 D.P.R. 423 (1931); *Pueblo* v. *Irizarry,* 46 D.P.R. 898 (1934) y *Andréu, Aguilar & Co.* v. *Benítez, Admor.,* 56 D.P.R. 580, (1940)."

■■ El Municipio de Toa Baja invoca las disposiciones de la Ley núm. 437, aprobada el 15 de mayo de 1951 ( (1) pág. 1255), y especialmente la Exposición de Motivos en ella contenida, a los fines de sostener la validez de la patente municipal aquí impuesta. Esa ley enmienda la sección 99 de nuestra Ley de Rentas Internas, para que lea en la siguiente forma:

"Sección 99.—A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley, con excepción de la contribución sobre el volumen de negocios autorizados por la Ley número 26, aprobada en 28 de marzo de 1914, conocida como 'Ley de Patentes Municipales', según la misma ha sido enmendada, cuya im-

posición por los municipios y el Gobierno de la Capital queda expresamente autorizada, debiendo incluirse en el volumen de negocios las operaciones mercantiles sobre artículos gravados por esta Ley o por cualquier ley insular de arbitrios. Cuando la aplicación de la Ley de Patentes Municipales, juntamente con la aplicación de esta Ley, o cualquier ley insular de arbitrios, produzca una situación contributiva insostenible, por infringir alguna prohibición constitucional, si dicha situación resultare constitucional mediante la imposición y cobro de uno solo de los dos impuestos, prevalecerá la contribución insular."

Esa Ley núm. 437 es de carácter prospectivo y no es aplicable al caso de autos, en que las patentes municipales fueron impuestas para el año económico 1950–1951. Pero el municipio demandado y apelante nos llama la atención a la Exposición de Motivos contenida en esa Ley núm. 437, que lee de la siguiente manera:

### "EXPOSICIÓN DE MOTIVOS

"Desde la aprobación de la Ley de Patentes en 1914 siempre ha sido norma legislativa que los impuestos autorizados por dicha Ley sean cobrados por las corporaciones municipales, tanto sobre mercaderías y actividades libres de arbitrios insulares, como sobre mercaderías y actividades gravadas con dichos arbitrios. Al aprobarse con la Ley de Rentas Internas de 1925 una Ley de Ventas gravando con arbitrios insulares las mismas ventas gravadas con el arbitrio municipal de la Ley de Patentes fué necesario aclarar que ambas contribuciones sobre las ventas continuarían cobrándose. Para ese fin se incorporó la Sección 99 a la Ley de Rentas Internas. Antes de esa fecha dicha Ley no había contenido disposición alguna relativa al cobro de las patentes municipales. La redacción original de la Sección 99 se hizo por la Legislatura bajo la aprensión de lo resuelto en *Fantauzzi* v. *Asamblea Municipal de Arroyo*, 295 Federal 803, por lo que se adoptó un lenguaje que ha dado margen a interpretaciones judiciales que han derrotado la norma legislativa. Es necesario revestir la norma legislativa referida de lenguaje que no dé margen a interpretaciones judiciales contrarias a lo que siempre ha sido la intención del legislador."

Las expresiones contenidas en esa Exposición de Motivos en cuanto a cuál había sido anteriormente la intención legis-

lativa al aprobar la sección 99 en su texto original, no son definitivas, retroactivamente, ni desvirtúan la validez de la interpretación que de esa sección había hecho este Tribunal, en los casos ya citados. Era clara la letra de la sección 99 original, ya transcrita en el caso de *San Miguel & Cía.* v. *Diez de Andino, Tes.*, supra. Esa sección disponía, taxativamente, y sin margen para cualquier otra interpretación razonable, que ningún municipio podía imponer o recaudar ningún impuesto sobre cualquier artículo sujeto a contribución bajo las disposiciones de la Ley de Rentas Internas.

La alegación esencial del Municipio de Toa Baja es al efecto de que la contribuyente en este caso está impedida de atacar judicialmente la validez de las patentes en cuestión porque ella no cumplía con los trámites del procedimiento previo que se alega exige la Ley de Patentes Municipales, núm. 26 de 28 de marzo de 1914 (Leyes de 1913–14, pág. 181), como condición previa a una acción judicial y que, específicamente, ella no impugnó previamente las patentes ante la Asamblea Municipal.

Las secciones 13 y 14 de la citada Ley de Patentes Municipales disponen lo siguiente:

"Sección 13.—Todo contribuyente que considerase injusta la cantidad que se le señalare por el consejo municipal para el pago de la contribución a que se refiere esta Ley, podrá protestar ante el mismo concejo municipal antes del día 20 de mayo de cada año, haciendo por escrito las objeciones que estime pertinentes. El concejo municipal nombrará de su seno una comisión especial de tres miembros para que investigue el caso. Dicha comisión se denominará 'Comisión de Patentes Comerciales e Industriales', y se reunirá dentro de los quince días siguientes a la fecha en que se presentase la protesta y practicará una investigación examinando, si lo creyere necesario, la contabilidad del querellante y recibiendo bajo juramento o afirmación todas aquellas declaraciones que creyese necesarias tomar para llegar al exacto conocimiento de los hechos que investigue; y una vez terminada dicha investigación, presentará su informe al concejo municipal, el cual decidirá en vista del mismo. La comisión nombrada por el

concejo municipal para la investigación a que se refiere esta Sección, tendrá y por la presente se le confiere la facultad de tomar juramentos o afirmaciones.

"Sección 14.—Cualquier contribuyente que se considerare perjudicado por la decisión del concejo municipal referente a las protestas que hubiere presentado de acuerdo con la Sección anterior, pagará, no obstante, el importe de la patente según se impone, bajo protesta; pero podrá acudir a cualquier corte de jurisdicción competente; *Disponiéndose, sin embargo,* que tal procedimiento judicial tenga lugar dentro de los treinta días después del pago de la patente. La sentencia de la corte a favor del contribuyente constituirá autorización para que el tesorero municipal reintegre la cantidad del impuesto pagado o la debida porción de la misma, de acuerdo con la decisión de la corte."

En el caso de autos la contribuyente no formuló protesta alguna ante la Asamblea Municipal, antes del pago bajo protesta y del inicio de la acción judicial. Estamos conscientes de la existencia de una regla general al efecto de que, antes de que se pueda impugnar judicialmente una contribución o impuesto, deben observarse los trámites requeridos en el estatuto en cuestión y, en general, deben agotarse los remedios administrativos antes de que se pueda iniciar una reclamación judicial, considerando la protesta ante la Asamblea Municipal como un remedio administrativo. 51 Am. Jur. 1006, sección 1168; McQuillin, *Municipal Corporations,* 3a. ed., Tomo 16, sección 44.183, pág. 464. Pero en el caso de autos las patentes en cuestión eran absolutamente nulas, y la ordenanza que autorizaba la imposición de las patentes era, de su propia faz, nula y ultravires. *Andréu, Aguilar & Co.* v. *Benítez, Admor.,* 56 D.P.R. 580. Bajo esas circunstancias, era innecesario el que la contribuyente hubiese acudido a la Asamblea Municipal, como condición previa a la presentación de una reclamación judicial, considerando especialmente el hecho de que en este caso la contribuyente fué notificada directamente con respecto a los impuestos en discusión y cumplió con el requisito de pago bajo protesta. Además, la ordenanza en cuestión tuvo su base estatutaria en la sección 2, Grupo C. de la Ley

de Patentes Municipales, que se refiere específicamente a las industrias de molinos de azúcar y mieles, como sujetos a la imposición de patentes. Tal autorización estatutaria carecía de efectividad alguna mientras esos mismos artículos estuviesen sujetos a contribución bajo la Ley de Rentas Internas, bajo la sección 99 original, de esta última ley. Siendo académica y jurídicamente inefectiva la base estatutaria de la ordenanza en cuestión, no era necesaria la protesta previa ante la Asamblea Municipal.

En el caso de *Southern Boulevard R. Co.* v. *City of New York*, 86 F.2d 633, se impugnaba una contribución impuesta por la ciudad de Nueva York. Se resuelve que si el contribuyente no impugna meramente el avalúo envuelto en la contribución, pero ataca su validez constitucional intrínseca, que surja de su propia faz, él no viene obligado a agotar sus remedios administrativos como condición previa al ataque judicial, habiendo el contribuyente pagado la contribución bajo protesta. En el caso de *Buder* v. *First Nat. Bank*, 16 F.2d 990, 993, certiorari denegado en 274 U. S. 743, se resuelve que un contribuyente que impugne un impuesto municipal no está obligado a agotar previamente sus remedios administrativos si no hay ley efectiva alguna que autorice tal impuesto. Se indica que si no existe poder legal intrínseco para imponer la contribución, sería inútil el solicitar un remedio administrativo.

*Debe confirmarse la sentencia apelada.*