EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Ahorro y Crédito de Rincón; Vissepó & Diez Construction, Corp. <br><br> Peticionarios <br><br> v. <br><br> Municipio de Mayagüez <br><br> Recurrido | Certiorari <br><br> 2018 TSPR 109 <br><br> 200 DPR ____ |

Número del Caso: CC-2016-1132

Fecha: 13 de junio de 2018

Tribunal de Apelaciones:

      Región Judicial de Mayagüez

Abogados de la parte peticionaria:

      Lcdo. Luis Santos Montalvo
      Lcdo. Adalberto Moret Rivera
      Lcda. Sylvette Moret Guzmán
      Lcdo. Omar Moret Guzmán.

Abogado de la parte recurrida:

      Lcdo. Efraín Colón Sanz.

Abogada del amigo de la corte:

      Lcda. Irma Nereida Torres Suárez

Materia: Ley de Sociedades Cooperativas de Ahorro y Crédito - La exención provista por el Art. 6.08 de la Ley de Sociedades Cooperativas de Ahorro y Crédito exime del pago del arbitrio de construcción al contratista que realiza una obra por encargo de una cooperativa.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Cooperativa de Ahorro y
Crédito de Rincón; Vissepó &
Diez Construction, Corp.

    Peticionarios

      v.                     CC-2016-1132

Municipio de Mayagüez

    Recurrido

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió la Opinión del Tribunal

En San Juan, Puerto Rico, a 13 de junio de 2018.

En esta ocasión, debemos resolver si la exención provista por el Art. 6.08 de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002 (Ley de Cooperativas), _infra_, exime del pago del arbitrio de construcción al contratista que realiza una obra por encargo de una cooperativa. Por los fundamentos que exponemos a continuación, contestamos esta interrogante en la afirmativa.

I

El 14 de agosto de 2015, la Cooperativa de Ahorro y Crédito de Rincón (Cooperativa) presentó una demanda sobre cobro de dinero y sentencia declaratoria contra el Municipio de

Mayagüez (Municipio). Explicó que operaba una sucursal en el "Mayagüez Mall", con cuya administración pactó mudarse a un local de mayor cabida debido a un aumento en su volumen de negocios. Relató que, con el fin de atemperar el espacio a sus necesidades, contrató a Vissepó & Diez Construction, Corp. (Vissepó) para que realizase algunas mejoras al establecimiento, lo cual notificó al Municipio para que se le eximiese del pago de los arbitrios de construcción, conforme a lo dispuesto en el Art. 6.08 de la Ley de Cooperativas, infra.

Alegó que el Sr. Heriberto Rodríguez Díaz, agente de impuestos del Municipio, se personó al establecimiento una vez iniciada la remodelación y le informó que adeudaba $19,945.00 en arbitrios de construcción, los cuales debía satisfacer antes de continuar con el proyecto.[1] Según explicó, el agente le indicó que la exención provista por la Ley de Cooperativas, infra, no se extendía al contratista, por lo que Vissepó venía obligado a pagar el impuesto.[2]

La Cooperativa detalló que, a pesar de sus esfuerzos, el Municipio se mantuvo firme en su postura. Por lo anterior, el 30 de julio de 2015, el señor Rodríguez Díaz regresó a la sucursal para gestionar el cobro de la deuda. En esa ocasión, le entregó una carta dirigida al

---

[1] *Demanda*. Apéndice, pág. 2.
[2] En específico, consignó que el fundamento para el cobro del impuesto fue que "el pago de arbitrios municipales se le requería a el contratista y no a la Cooperativa […]". Íd. (Énfasis suprimido).

contratista, en la cual le apercibió que la falta de pago conllevaría la paralización del proyecto. Así, la Cooperativa alegó que pagó bajo protesta para evitar el atraso de la construcción, por lo que solicitó la devolución de los arbitrios que abonó por la obra.

Finalmente, planteó que acudió directamente al foro judicial porque el Municipio no le notificó sobre su derecho a reconsiderar el dictamen. Añadió que, por tal razón, entregó personalmente una solicitud de reconsideración al señor Rodríguez Díaz, quien se negó a aceptarla por haberle cobrado el arbitrio al contratista. Además, argumentó que podía preterir el trámite administrativo porque el Municipio carecía de facultad para imponerle el impuesto.

Tras solicitar un término adicional para contestar la demanda, el Municipio presentó una moción de desestimación, en la cual plasmó su versión de los hechos. Explicó que, antes de que se iniciase la remodelación, orientó a la Cooperativa sobre los pormenores del impuesto, en cuyo momento le informó que estaría exenta del pago del arbitrio siempre y cuando realizase la obra "por administración".[3] Afirmó que la Cooperativa le indicó que había contratado a Vissepó para que desarrollase el proyecto, a lo que

---

[3] *Moción solicitando desestimación de la demanda contra el demandado por falta de jurisdicción sobre la materia y sobre la persona de acuerdo a lo que establece la Ley de Municipios Autónomos de 1991, dejar de exponer una reclamación que justifique la concesión de un remedio y dejar de acumular una parte indispensable bajo la Regla 10.2 de las Reglas de Procedimiento Civil vigente. Apéndice, págs. 14-15.*

respondió que la exención provista por la Ley de Cooperativas, _infra_, no se extendía al contratista, por lo que este vendría obligado a pagar el impuesto.

Relató que posteriormente visitó el establecimiento y se percató que la remodelación se inició sin que se hubiese saldado el gravamen. Detalló que lo anterior ocasionó que se comunicase con la Cooperativa, quien optó por pagar el arbitrio por temor a que se ordenase la paralización del proyecto. Destacó que, antes de recibir el pago, le advirtió que se le cobraba al contratista, por lo que emitió el recibo a nombre de este.

Así, planteó que la demanda no exponía una reclamación que justificara la concesión de un remedio, ya que: (1) la exención estatuida en la Ley de Cooperativas, _infra_, no se extendía al contratista; (2) la Cooperativa carecía de legitimación activa porque el arbitrio se cobró al contratista, quien no figura como parte demandante, y (3) no se agotó el procedimiento administrativo para impugnar la imposición del impuesto.

El 9 de diciembre de 2015, el Tribunal de Primera Instancia emitió una _Resolución y Orden_, en virtud de la cual concluyó que tenía jurisdicción sobre la materia y denegó la moción de desestimación que presentó el Municipio.[4] Asimismo, le concedió a la Cooperativa un término de treinta (30) días para que incluyese al contratista como parte en el pleito.

---

[4] _Resolución y Orden_. Apéndice, págs. 38-45.

En cumplimiento con lo ordenado, la Cooperativa acumuló a Vissepó mediante una *Demanda Enmendada*, en la cual reiteró las alegaciones que formuló en su demanda. Además, solicitó la devolución de una partida adicional de $4,779.85 que el Municipio le cobró por una remodelación que efectuó "en el antiguo local ocupado por la Cooperativa".[5]

En respuesta, el Municipio presentó una nueva solicitud de desestimación en la que reprodujo los argumentos que esgrimió en su primer escrito.[6] Por su parte, la Cooperativa y Vissepó (en conjunto, peticionarios) sometieron una *Moción en réplica de moción de desestimación de 30 de marzo de 2016*, en la cual alegaron que la solicitud del Municipio era improcedente porque el tribunal ya había atendido sus planteamientos.

El 30 de junio de 2016, el Tribunal de Primera Instancia dictó sentencia desestimando la demanda de los peticionarios, pues concluyó que esta no exponía una reclamación que justificara la concesión de un remedio.[7] Ello, pues entendió que la exención provista por la Ley de Cooperativas, infra, no se extendía al contratista, de modo que el Municipio estaba facultado a cobrarle el impuesto.

Inconformes, los peticionarios recurrieron al Tribunal de Apelaciones y solicitaron la revisión del dictamen. Como

---

[5] *Demanda Enmendada*. Apéndice, pág. 54.
[6] *Moción de desestimación de la demanda enmendada por falta de jurisdicción sobre la materia y sobre la persona bajo la Ley de Municipios Autónomos de 1991, la Regla 10.2 y Regla 10.3 de las Reglas de Procedimiento Civil vigente*. Apéndice, págs. 58-80.
[7] *Sentencia*. Apéndice, págs. 87-96.

único señalamiento de error, alegaron que el foro primario erró al resolver que la exención estatuida en el Art. 6.08 de la Ley de Cooperativas, _infra_, no se extendía al contratista de una obra efectuada a favor de una cooperativa.[8] Ello, en virtud a lo dispuesto en _Interior Developers v. Mun. de San Juan_, 177 DPR 693 (2009).

Tras evaluar las posturas de las partes, el Tribunal de Apelaciones emitió una _Sentencia_ mediante la cual confirmó el dictamen recurrido.[9] Al igual que el foro primario, estimó que la exención que invocó la Cooperativa no cobijaba al contratista, por lo que resolvió que el desembolso que esta realizó constituyó un pago por tercero. Además, puntualizó que la Cooperativa debió "detener la obra y acudir en revisión judicial si lo que cuestionaba era la legalidad del arbitrio", y señaló que cualquier otra reclamación debía tramitarse mediante el procedimiento administrativo correspondiente.[10]

Aún insatisfechos, los peticionarios acudieron a este Tribunal mediante el recurso que nos ocupa, en el cual plantearon que el Tribunal de Apelaciones erró: (1) al concluir que la exención provista por el Art. 6.08 de la Ley de Cooperativas, _infra_, no se extiende al contratista de una obra efectuada por encargo de una cooperativa;

---

[8] _Sentencia_. Apéndice, pág. 30.
[9] La Hon. Olga E. Birriel Cardona emitió un Voto disidente, en el cual consignó que revocaría la sentencia recurrida por entender que la exención que cobija a la Cooperativa se extiende al contratista. Además, sostuvo que la Cooperativa podía acudir directamente a los tribunales para impugnar el impuesto que se le pretende imponer sin autoridad en ley. _Íd._, págs. 41-42.
[10] _Íd._, pág. 39.

(2) al resolver que la reclamación no se tramitó a través del procedimiento administrativo, a pesar de que la determinación del foro primario sobre su jurisdicción constituía la ley del caso, y (3) al consignar hechos formulados por el Municipio en su moción de desestimación.

Luego de que expidiésemos el recurso, la Liga de Cooperativas de Puerto Rico presentó una *Moción solicitando comparecencia especial de "amicus curiae"*, en la cual nos urgió a que resolviésemos que la exención de la Cooperativa también cobija al contratista.

Con el beneficio de la comparecencia de ambas partes, resolvemos.

II

A

En aras de fomentar la autonomía municipal, el Art. 2.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), 21 LPRA sec. 4052, le confiere a los municipios la facultad de imponer ciertas contribuciones, derechos y licencias, entre las cuales se encuentra el arbitrio de construcción.

Según hemos explicado, el arbitrio de construcción es un impuesto que recae sobre el derecho a efectuar una obra de construcción dentro de los límites territoriales de un

municipio.[11] Const. José Carro v. Mun. Dorado, 186 DPR 113, 123 (2012); Levy, Hijo v. Mun. de Manatí, 151 DPR 292, 300 (2000). Para propósitos de este impuesto, se considera contribuyente a todo aquel que: (1) sea dueño de la obra y personalmente ejecute las labores de administración, así como los trabajos físicos e intelectuales inherentes al desarrollo del proyecto, o (2) sea contratado para efectuar las labores antes descritas en beneficio del dueño de la obra. Art. 1.003(ee) de la Ley de Municipios Autónomos, 21 LPRA sec. 4001(ee); Interior Developers v. Mun. de San Juan, supra, pág. 706.

No obstante, el estatuto exime del pago de este arbitrio a las agencias gubernamentales estatales y federales que realicen las obras con su propio personal. Río Const. Corp. v. Mun. de Carolina, 153 DPR 615, 620 (2001). Ello, pues el Art. 2.007(f) de la Ley de Municipios Autónomos establece que:

> Quedan exentas del pago de arbitrio de construcción aquellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción de una agencia del gobierno central o sus instrumentalidades, una corporación pública, un

---

[11] En lo pertinente al caso que nos ocupa, el Art. 2.002(d) de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), dispone que:
> Toda obra de construcción dentro de los límites territoriales de un municipio, realizada por una persona natural o jurídica privada, o que sea llevada a cabo por una persona natural o jurídica privada a favor o en representación de, o por contrato o subcontrato suscrito con una agencia o instrumentalidad del Gobierno Central o municipal o del gobierno federal, incluyendo aquella obra que no requiera la solicitud o expedición de un permiso por la Administración de Reglamentos y Permisos o por un municipio autónomo, deberá pagar arbitrio de construcción correspondiente, previo al comienzo de dicha obra. 21 LPRA sec. 4052(d).

municipio o una agencia del Gobierno Federal. **No obstante, esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica privada, actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia o instrumentalidad del Gobierno Central o Municipal.** Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica privada actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del gobierno federal, cuando las leyes o reglamentos federales aplicables así lo permitan. 21 LPRA sec. 4057(f). (Énfasis suplido).

Así, en reiteradas ocasiones hemos resuelto que procede la imposición del arbitrio cuando: (1) se trata de una obra de construcción; (2) que está dentro de los límites territoriales del municipio, y (3) es realizada por una persona natural o jurídica privada, o por una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal. Const. José Carro v. Mun. Dorado, supra, págs. 122-123; Interior Developers v. Mun. de San Juan, supra, pág. 705; Mun. de Utuado v. Aireko Const. Corp., 176 DPR 897, 905-906 (2009).

B

Como es sabido, una cooperativa es una asociación autónoma de personas que se unen voluntariamente para adelantar sus necesidades económicas, sociales y culturales mediante una empresa de propiedad conjunta que es controlada democráticamente.[12] Así, los servicios provistos por las entidades cooperativistas se caracterizan por su

---

[12] Véase Exposición de motivos de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002, Ley Núm. 255-2002.

impacto social, ya que estas empresas se originan en los contornos de la democracia participativa. J. Shaffer, *Historical Dictionary of the Cooperative Movement*, Lanham, Md, Scarecrow Press, 1999, pág. 49. Véase también Cooperativa Cafeteros P.R. v. Colón Torres, 84 DPR 278, 281 (1961).

En nuestro ordenamiento jurídico, la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002, 7 LPRA sec. 1361 et seq., regula el funcionamiento de las cooperativas que actúan como instituciones financieras. La exposición de motivos de esta legislación cataloga a las cooperativas como "pieza integral y un fuerte pilar para el desarrollo económico y social del país", y dispone que el fortalecimiento del cooperativismo "está revestido de un alto interés público". Exposición de motivos de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002, Ley Núm. 255-2002. Además, establece que el propósito principal del estatuto es brindarle a estas entidades "la oportunidad de ser entes más competitivos y protagónicos" en nuestra economía de mercado. Íd.

En aras de alcanzar este objetivo, el legislador le concedió una serie de exenciones contributivas a estas instituciones. A tales efectos, y en lo pertinente al caso de autos, el Art. 6.08(a)(3) de la Ley de Cooperativas postula que:

> Las cooperativas y sus subsidiarias o afiliadas estarán exentas del pago de derechos, arbitrios o aranceles estatales o municipales, incluyendo el

pago de cargos por licencias, patentes, permisos y registros, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos al otorgamiento de toda clase de documentos públicos y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad o cualquier otro registro público u oficina gubernamental y del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la expedición de certificaciones por dichos registros o por cualquier otra oficina gubernamental. Las cooperativas y sus subsidiarias o afiliadas estarán exentas, además, del pago de cargos, derechos, sellos o comprobantes de rentas internas, arbitrios o aranceles requeridos en el Tribunal General de Justicia de Puerto Rico o por cualquier agencia, instrumentalidad, corporación pública del Estado Libre Asociado de Puerto Rico o cualquier subdivisión política de éste. 7 LPRA sec. 1366g(a)(3).

### III

Como cuestión de umbral, debemos resolver si, según sostiene el Municipio, el Tribunal de Primera Instancia carecía de jurisdicción para dilucidar esta controversia debido a que los peticionarios no agotaron los remedios administrativos dispuestos en el Art. 2.007 de la Ley de Municipios Autónomos, <u>supra</u>, para impugnar una determinación de arbitrio de construcción.[13]

Según hemos resuelto en reiteradas ocasiones, cuando se impugna *la autoridad en ley* de un municipio para imponer una contribución, y no así, por ejemplo, el monto de esta, "resulta innecesario agotar el procedimiento administrativo dispuesto en ley". <u>Interior Developers v. Mun. de San Juan</u>, <u>supra</u>, pág. 710. Véanse <u>Alcalde de Guayama v. ELA</u>,

---

[13] Esto pues, a diferencia de lo alegado por los peticionarios, la determinación jurisdiccional que emitió el foro primario no constituye la ley del caso por tratarse de un dictamen interlocutorio. Véase <u>Cacho Pérez v. Hatton Gotay y otros</u>, 195 DPR 1 (2016).

192 DPR 329, 338 (2015); Yiyi Motors, Inc. v. E.L.A., 177 DPR 230, 279 (2009); Mun. Trujillo Alto v. Cable TV, 132 DPR 1008, 1011 (1993); Compañía Azucarera del Toa v. Municipio, 76 DPR 331, 337 (1954).

En vista de que los peticionarios impugnan la facultad del Municipio para imponer un arbitrio a las obras de construcción realizadas por las cooperativas, resolvemos que los peticionarios podían acudir directamente al Tribunal de Primera Instancia sin completar el procedimiento administrativo dispuesto en el Art. 2.007 de la Ley de Municipios Autónomos, supra.

Resuelto lo anterior, nos corresponde atender los méritos de la controversia. Esto es, si la exención provista por el Art. 6.08 de la Ley de Cooperativas, supra, se extiende al contratista de una obra efectuada por encargo de una cooperativa.

Según surge del expediente, el Municipio plantea que el contratista no está exento del pago del arbitrio porque el Art. 1.003(ee) de la Ley de Municipios Autónomos, supra, lo considera contribuyente para propósitos de este impuesto. Por lo tanto, esboza que los foros recurridos actuaron correctamente al desestimar la demanda, puesto que la suma que consignó la Cooperativa constituyó un pago por tercero. En apoyo de su contención, resalta —a modo de analogía— que las exenciones provistas a las agencias e instrumentalidades estatales y federales por el Art. 2.007 de la Ley de Municipios Autónomos, supra, no aplican cuando

estas utilizan a un contratista para el desarrollo de la obra.

En cambio, los peticionarios alegan que la intención legislativa al promulgar el Art. 6.08 de la Ley de Cooperativas, supra, fue eximir a las cooperativas del pago de este tipo de impuesto, por lo que argumentan que adoptar el raciocinio propuesto por el Municipio conduciría a un resultado absurdo. Así, nos invitan a resolver que el poder impositivo del Municipio no se extiende a las obras de construcción que las cooperativas efectúan por encargo. Ello, conforme a lo dispuesto en Interior Developers v. Mun. de San Juan, supra.

Luego de evaluar las posturas de las partes, así como la comparecencia especial que presentó la Liga de Cooperativas de Puerto Rico como amigo de la corte, resolvemos que los foros recurridos erraron al concluir que el contratista no estaba exento del pago del arbitrio.

Como vimos, la Ley de Cooperativas, supra, se aprobó con el propósito de fortalecer el movimiento cooperativista, brindándole así la oportunidad de asumir un papel más protagónico en el desarrollo económico de Puerto Rico. En aras de adelantar dicho propósito y promover el crecimiento integral del sector cooperativo, el legislador estatuyó una exención contributiva abarcadora a favor de las cooperativas, la cual les exime del pago de una gama amplia de arbitrios, aranceles, licencias, patentes,

derechos, sellos, impuestos municipales y estatales, entre otros.

El Municipio arguye que la referida exención solo aplica a tributos que los municipios cobren directamente a las cooperativas. La dificultad con ese planteamiento es que no toma en cuenta que el monto del arbitrio de construcción que pretende cobrar al contratista se incluye como parte del costo de la obra, por lo que en última instancia es la cooperativa la que lo pagará.[14] Esta interpretación vulneraría directamente el propósito legislativo y el alcance del estatuto, el cual ampliamente exime a las cooperativas de ahorro y crédito del "pago de … arbitrios … municipales". Art. 6.08 de la Ley de Cooperativas, supra.

Para propósitos de este análisis, resulta pertinente discutir nuestros pronunciamientos en Interior Developers v. Mun. de San Juan, supra. En esa ocasión debíamos determinar si los municipios tienen la autoridad para imponer arbitrios de construcción a contratistas que realizan obras por encargo de la Rama Legislativa. Según indicamos, la facultad de un municipio para cobrar el arbitrio de construcción surge cuando se configuran tres elementos: (1) una obra de construcción; (2) localizada dentro de los límites del municipio; (3) realizada por "una persona natural o jurídica privada, o una persona natural o jurídica privada contratada por una agencia o dependencia

---

[14] Véase 21 LPRA sec. 4001(ee)(2).

del Gobierno Central, municipal o federal". <u>Interior Developers v. Mun. de San Juan</u>, <u>supra</u>, pág. 705 (citando a 21 LPRA sec. 4052).

Debido a este último factor, "para determinar si un municipio tiene facultad para cobrar el arbitrio de construcción hay que examinar, además del tipo de obra y su localización, a quién *pertenece* la obra." <u>Íd.</u> (énfasis suplido). Resaltamos que la Ley de Municipios Autónomos no autorizó a los municipios a imponerle un arbitrio de construcción a las obras de construcción realizadas por la Rama Legislativa "**o las personas naturales o jurídicas privadas contratadas por ésta**". <u>Íd.</u>, págs. 712-713 (énfasis suplido).

Por ello, resolvimos que no procedía la imposición del arbitrio de construcción al contratista que llevó a cabo la construcción, debido a que la obra *pertenecía* a la Asamblea Legislativa, entidad sobre la cual el Municipio de San Juan no tenía autoridad para imponer el arbitrio de construcción.[15]

El caso que tenemos ante nuestra consideración se diferencia de <u>Interior Developers v. Mun. de San Juan</u>, <u>supra</u>, en que aquí la Asamblea Legislativa limitó explícitamente el alcance de la autoridad tributaria del gobierno central y de los municipios cuando aprobó la

---

[15] En aquella ocasión resolvimos que, debido a que no nació la obligación tributaria, resultaba innecesario determinar quién es el contribuyente, ya que dicha figura sólo entra en juego una vez surge dicha obligación. <u>Interior Developers v. Mun. de San Juan</u>, <u>supra</u>, pág. 711.

exención contributiva del Art. 6.08(a) de la Ley de Cooperativas, supra. Este artículo se redactó utilizando un lenguaje sumamente abarcador ilustrativo de una intención legislativa contra el ejercicio del poder tributario sobre las cooperativas.[16]

Según el texto de la ley, la intención legislativa exige que la exención contributiva en cuestión aplique a las obras de construcción que realizan las cooperativas, independientemente de si las encargaron a un contratista o si las propias cooperativas las realizaron. Por tanto, los municipios carecen de autoridad para requerir el pago del arbitrio de construcción a la Cooperativa que encarga la obra. Resolver que, aun así, pueden cobrar el arbitrio al contratista que realiza la obra sería permitir de forma indirecta el cobro que está vedado hacer directamente a la cooperativa.

Como privilegios excepcionales, las exenciones contributivas se deben interpretar restrictivamente y, en caso de duda, a favor de su inexistencia. Pfizer Pharm. v. Mun. de Vega Baja, 182 DPR 267, 279 (2011). No obstante, no debemos perder de perspectiva que su interpretación no puede ser tan restrictiva que tenga el efecto de frustrar

---

[16] Véanse Art. 6.08(a)(1) de la Ley de Cooperativas, 7 LPRA sec. 1366g(a)(1) ("Las cooperativas . . . estarán exent[a]s de toda clase de tributación sobre ingresos, propiedad, arbitrio, patente o cualquiera otra contribución impuesta o que más adelante se impusiere por el Estado Libre Asociado de Puerto Rico o cualquier subdivisión política de éste, excepto [ciertos impuestos estatales específicamente detallados]") y el Art. 6.08(a)(3) de la Ley de Cooperativas, 7 LPRA sec. 1366g(a)(3) ("Las cooperativas . . . estarán exentas del pago de derechos, arbitrios o aranceles estatales o municipales . . .").

la intención legislativa. Ortiz Chévere, _et al._ v. Srio. Hacienda, 186 DPR 951, 976 (2012); Pfizer Pharm. v. Mun. de Vega Baja, supra, pág. 279. Nuestra determinación reafirma estos principios de hermenéutica, ya que la abarcadora exención contributiva bajo estudio y la intención legislativa de estimular el desarrollo y crecimiento de las cooperativas no permite otro resultado.

IV

Por los fundamentos antes expuestos, se revoca el dictamen recurrido y, se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

                              Maite D. Oronoz Rodríguez
                                   Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Cooperativa de Ahorro y
Crédito de Rincón; Vissepó
& Diez Construction, Corp.

     Peticionarios

        v.

Municipio de Mayagüez

     Recurrido

CC-2016-1132


SENTENCIA


En San Juan, Puerto Rico, a 13 de junio de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen recurrido y, se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


               Juan Ernesto Dávila Rivera
           Secretario del Tribunal Supremo