Municipio de San Juan, Demandante y Apelante, *v.* Porto Rico Coal Co., Inc., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de patentes.

No. 2122.—Resuelto en marzo 30, 1920.

Contribución por Patentes Municipales — Depósitos para Venta de Carbón Mineral al por Mayor—"Establecimientos al por Mayor."—Los municipios de Puerto Rico tienen derecho a imponer contribución por patente municipal bajo el concepto de "establecimientos al por mayor," grupo "A" de la ley de patentes promulgada en 1914, a un establecimiento en donde se vende carbón mineral al por mayor. El estudio de las frases "*wholesale store*" y "establecimientos al por mayor" usadas en los textos inglés y español de la ley de patentes citada, demuestra que la intención de la Legislatura fué imponer el tributo por patente a todo establecimiento en donde se vendan artículos de cualquier clase al por mayor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramón Falcón.*

Abogado de la apelada: *Sr. Charles Hartzell.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La Corte de Distrito de San Juan excluyó a la demandada de los preceptos de la Ley No. 26 de marzo 28 de 1914 por cuanto dicha corte declaró que la referida demandada no estaba sujeta al pago de patentes conforme a dicha ley. El municipio apeló y sostiene que la "Porto Rico Coal Company, Inc.," está vendiendo carbón mineral al por mayor estando por tanto comprendida en las prescripciones del artículo 2, grupo *a,* de la referida ley.

La sección primera de la mencionada ley autoriza a los municipios a imponer y cobrar contribuciones sobre cual-

quiera de los negocios o industrias que más adelante en dicha ley se mencionan.

La sección 2 de la referida ley prescribe lo siguiente:

"Sección 2.—Los negocios o industrias sobre los cuales puede imponerse la patente que prescribe esta ley son los siguientes:

"Grupo A.—Establecimientos al por mayor, tiendas mixtas, tiendas de mercancías secas, colmados, tiendas de provisiones, mueblerías, farmacias, droguerías, ferreterías, tiendas de sombreros, tiendas de calzado, tiendas de efectos para caballeros, librerías o establecimientos de encuadernación de libros, bazares, tiendas de bicicletas o efectos para las mismas, quincallerías, bajerías, cafés, hoteles, restaurants, joyerías, establecimientos para la venta de automóviles o materiales para éstos o para guardar y reparar automóviles, tiendas de efectos de escritorio, confiterías, salones para la venta de helados, dulcerías, establecimientos para la venta de efectos de óptica, dentales o eléctricos, establecimientos para la venta de madera en bruto o elaborada, casas de huéspedes, fondas, etc."

Se ha admitido que la demandada no está comprendida en el Grupo B o Grupo C especificado más adelante bajo la sección 2, y que la única designación que es aplicable en absoluto a ella son las primeras palabras del Grupo A, o sea "Establecimientos al por mayor." La corte inferior declaró que las palabras del texto español "establecimientos al por mayor" significaban solamente tiendas de provisiones que hacen negocios al por mayor, de tenerse en cuenta su significación ordinaria y corriente y que las leyes de patentes deben ser interpretadas estrictamente. Ahora bien, el texto inglés no está sujeto a tal limitación. *"Wholesale store"* significa cualquier establecimiento donde se venden artículos de cualquiera clase al por mayor. El texto en inglés es inequívoco, pues primero menciona *"wholesale stores"* (establecimientos al por mayor), luego *"mixed stores"* (tiendas mixtas), significando aquellos que participan de la índole de tiendas al por mayor y al detall, y entonces enumera algunas tiendas al detall y otros establecimientos. En el año 1914 la Legislatura todavía estaba compuesta en parte de miembros cuyo idioma nativo era el inglés. El Tesorero

era una de dichas personas y generalmente tenía que intervenir en dichas leyes. El texto inglés hace que la ley resulte más clara, pero, en nuestra opinión, el texto español es la forma genérica de describir un establecimiento donde se venden artículos al por mayor. Desde el punto de vista de uno u otro texto poco importaría habiendo creído la corte inferior, según parece, que los "establecimientos para la venta de madera en bruto o elaborado" se mencionan específicamente. La mención específica únicamente daría más énfasis si en los "establecimientos al por mayor" puede quedar incluído un establecimiento que vende carbón mineral procedente de un depósito de carbón.

Quizás en inglés las palabras *"wholesale stores"* ordinaria y vulgarmente no comprenden a un depósito de carbón mineral, pero consideradas en unión del texto español las palabras *"wholesale stores"* significan cualquier establecimiento donde se almacena carbón mineral. Según la obra "Words and Phrases Judicially Defined," así como de la definición de Webster como ha sido aplicada por numerosas cortes, resulta que *"store"* es "cualquier sitio donde se venden artículos". También aparece de "Words and Phrases, *supra,*" que la palabra *"store"* se resolvió que significaba "un lugar donde se venden artículos sea o no en una casa como se emplea en el código que impone una contribución privilegiada sobre cada establecimiento. Véanse también otros casos citados en Words and Phrases, tomo 7, pág. 6672 y siguientes.

No tenemos duda alguna, al leer ambos textos, de que la Legislatura quiso mencionar todos los lugares donde se vendiesen artículos al por mayor y ambos textos deben ser considerados. *Viterbo* v. *Friedlander,* 120 U. S., 726, y casos citados, 36 Cyc. 116. Ni tampoco tenemos duda alguna, si consideramos el texto español solamente, de que fué la intención de la Legislatura incluir a todos los establecimientos donde se venden artículos al por mayor. Debe prescindirse del significado corriente ante la significación literal

cuando las palabras *"wholesale stores"* se consideran en aposición a las palabras *"mixed stores"* y a la enumeración de los establecimientos que principalmente no son al por mayor.

La contestación de la demandada dejaría en duda el hecho de·si dicha demandada no era dueña de una "tienda mixta", puesto que vendía tanto al por mayor como al detall.  De ser así entonces no podría establecerse tal limitación a su negocio como ha hecho la corte inferior, pero dicha corte consideró a la corporación como un establecimiento al por mayor, en cuya conclusión está conforme la apelada en su alegato.  Ya fuera la demandada dueña de una tienda mixta o de un establecimiento al por mayor, esto no cambiaría en manera alguna el razonamiento general que es de aplicación.

La sentencia debe ser revocada, dictándose otra a favor del demandante.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.