A. J. TRISTANI, SUCRS., INC., peticionaria y apelante *v.* MUNICIPIO DE MAYAGÜEZ, AUGUSTO VALENTÍN VIZCARRONDO y RADAMÉS J. LESPIER COMO ALCALDE y TESORERO, respectivamente, del MUNICIPIO DE MAYAGÜEZ.

Número 11060.

*Sometido:* 3 de marzo de 1954. *Resuelto:* 22 de junio de 1954.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del apelante; y *Luis F. Candal* y *J. Alemañy Sosa,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

La apelante A. J. Tristani, Sucrs., Inc., se dedica en la ciudad de Mayagüez al negocio de ventas al por mayor de cigarrillos y gomas de mascar que importa de los Estados Unidos. El Municipio de Mayagüez impuso una contribución, en concepto de patente municipal, sobre este negocio de la apelante durante los años 1950–51; 1951–52 y 1952–53, ascendente a la suma total de $2,772.20. La contribuyente se negó a pagar dicha patente municipal y para evitar su cobro mediante el procedimiento de rigor, acudió ante el Tribunal Superior, Sala de Mayagüez, con una solicitud de injunction. Luego de haber los demandados radicado una moción para de-

sestimar, las partes convinieron en someter la controversia como si se tratara de una acción para que se dictara una sentencia declaratoria, estipulando a su vez los hechos necesarios para la resolución del caso. (¹) Oportunamente la corte a quo dictó sentencia declarando sin lugar la demanda

(¹) La estipulación de las partes reza, en lo pertinente, así:

"Primero: Que la parte demandada deja sin efecto la comunicación dirigida a la demandante el día 13 de abril de 1953 firmada por el demandado Radamés J. Lespier en su carácter de Tesorero del Municipio de Mayagüez.

"Segundo: Que la parte demandante desiste de su solicitud de entredicho y de su solicitud de Injunction preliminar contenidas en la demanda en este caso.

"Tercero: Que ambas partes someten a la consideración y resolución de este Hon. Tribunal la controversia que surge de las alegaciones de la demanda en este caso en la misma forma como si se tratara de una acción para que se dictara una sentencia declaratoria.

"Cuarto: Las partes aceptan como ciertos y correctos los siguientes hechos:

" (A) La peticionaria se dedica en el Municipio de Mayagüez como traficante al negocio de ventas al por mayor de cigarrillos y goma de mascar que introduce de los EE. UU. de América y distribuye y vende dentro de dicho municipio de Mayagüez, siendo el único negocio a que se dedica la peticionaria dentro de dicho Municipio y por el cual paga al Departamento de Hacienda del Estado Libre Asociado de Puerto Rico (Tesoro Insular), los arbitrios, tributos y contribuciones fijados por las diferentes leyes de la Asamblea Legislativa de Puerto Rico, según se especifican en la petición en este caso.

" (B) La Asamblea Municipal de Mayagüez, de acuerdo con la Ley núm. 26 de 1914, según enmendada, procedió a imponer e impuso a la peticionaria A. J. Tristani, Sucrs., Inc. arbitrios por patente municipal sobre el negocio de la peticionaria a que se ha dedicado y dedica en el Municipio de Mayagüez, durante los años 1950–51; 1951–52; y 1952–53, que en total ascienden a la suma de $2,772.50.

" (C) El Municipio de Mayagüez ha requerido a la peticionaria en varias ocasiones, por conducto de sus funcionarios Augusto Valentín Vizcarrondo, alcalde y Radamés J. Lespier, tesorero municipal, de pago del importe de dichas patentes y la peticionaria se ha negado y se niega todavía a efectuar dicho pago.

" (D) El volumen de negocios de la peticionaria sobre el cual se ha impuesto dicha patente municipal, la peticionaria acepta que es correcto y la peticionaria renuncia a la objeción en cuanto a la patente municipal correspondiente al año 1950–51, de que la peticionaria estaba pagando al tesoro insular arbitrios por licencia como traficante para la venta al por mayor de cigarrillos en el Municipio de Mayagüez.

de injunction en todas sus partes.(²) Contra esa sentencia se ha interpuesto el· presente recurso de apelación imputándose a la· corte sentenciadora la comisión de los siguientes errores:

"1ro. La corte sentenciadora erró al sostener que la Ley núm. 437 aprobada en mayo 15 de 1951 en cuanto excluye de lo dispuesto en la sec. 99 de la Ley núm. 85 de agosto 20 de 1925 no está en conflicto con la ley municipal (Ley 53 de 28 de abril de 1928) que prohibe a los municipios en su art. 46 apartado 'F' imponer impuesto, arbitrio o contribución cuando el objeto o materia ha sido objeto de algún impuesto, arbitrio o contribución federal o insular.

"2do. La corte sentenciadora cometió manifiesto error de derecho al sostener que el negocio de la apelante de ventas al por mayor de cigarrillos y goma de mascar está sujeta al pago de patente municipal, no obstante estar dichos artículos gravados separadamente por tributos, arbitrios, patentes y contribuciones fijadas por la Asamblea Legislativa.

"3ro. La sentencia dictada en la causa arriba titulada y objeto del presente recurso de apelación es contraria a derecho."

"(E) El importe de dicha patente municipal en cada uno de dichos años es como sigue:

| | |
|---|---|
| "1950–51 | $107.50 |
| "1951–52 | 1,332.50 |
| "1952–53 | 1,332.50 |
| "Total | $2,772.50 |

"Quinto: Que la controversia en este caso es si de acuerdo con el estado de hechos anteriormente consignados como ciertos, la peticionaria está o no obligada a pagar al Municipio de Mayagüez·patente municipal como traficante por los negocios de venta al por mayor de cigarrillos y goma de mascar dentro del Municipio de Mayagüez.

"Sexto: Que la parte demandada no hará nueva gestión de cobro ni establecerá procedimiento alguno de embargo contra la parte demandante del importe de dicha patente municipal hasta que este caso no sea resuelto judicialmente en definitiva.

"Séptimo: Que con esta estipulación las partes dejan sometido el caso para resolución en su fondo por este Hon. Tribunal, . . . ."

(²) Como en la solicitud de injunction se impugnaba la validez de la patente municipal y se negaba facultad al Municipio para imponerla, la sentencia desestimando dicha solicitud equivale a una declaración o decreto sosteniendo la validez y legalidad de la contribución impuesta por el Municipio de Mayagüez a la aquí apelante.

■ La Ley núm. 53 de 28 de abril de 1928—Leyes de Puerto Rico de ese año, pág. 335—denominada "Ley Municipal" disponía en el apartado "f" de su art. 46, lo siguiente:

"Rentas Municipales

"Artículo 46.—Los ingresos municipales consistirán:

". . . . .

"(f) En cualquier otro impuesto, arbitrio o contribución que se decretare por la Asamblea Municipal en la forma dispuesta en el artículo 25, inciso 4, de esta Ley, siempre que el objeto o materia de la contribución, arbitrio o impuesto, no haya sido objeto de algún impuesto, arbitrio o contribución federal o insular."

Este inciso "f" fué enmendado por la Ley núm. 98 de 15 de mayo de 1931—Leyes de ese año, pág. 617; la núm. 231 de 15 de mayo de 1942—Leyes de ese año, pág. 1323—y la núm. 207 de 9 de mayo de 1949—Leyes de ese año, pág. 647; pero dichas leyes enmedatorias dejaron susbsistente la prohibición impuesta a los municipios de imponer impuesto, arbitrio o contribución cuando el objeto o materia de la contribución, arbitrio o impuesto ha sido objeto de algún impuesto, arbitrio o contribución federal o insular. Anteriormente nuestra Legislatura había aprobado la Ley núm. 85 de 20 de agosto de 1925, conocida con el nombre de "Ley de Rentas Internas de Puerto Rico". Por su sec. 99 (³) se prohibía a los municipios imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo

---

(³) Dicha sec. 99 leía como sigue:

"Sección 99.—A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley; *Disponiéndose*, que nada de lo prescrito en esta Ley se entenderá que derogue en todo ni en parte, la Ley Núm. 26 titulada, 'Para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines, aprobada el 28 de marzo de 1914; Y *disponiéndose, además*, que cuando la imposición de una patente esté en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas de Puerto Rico y ambas no puedan hacerse efectivas, se entenderá que la contribución impuesta por la Ley de Rentas Internas prevalecerá."

la Ley de Rentas Internas. Por un primer *Disponiéndose* de esta sección, se dejaba en vigor la Ley de Patentes de 1914— Ley núm. 26 de 28 de marzo de 1914; pero en un segundo *disponiéndose* se establecía que cuando la imposición de una patente estuviera en conflicto con una contribución impuesta de acuerdo con la Ley de Rentas Internas y ambas no pudieran hacerse efectivas, se entendería que prevalecería la contribución impuesta por la Ley de Rentas Internas. En esta forma la Legislatura restringió la autoridad que tenían los municipios bajo la Ley de Patentes para imponer arbitrios o contribuciones locales y según hemos visto, igual restricción se estableció al aprobarse en 1928 la Ley Municipal, en su apartado (*f*) del art. 46, transcrito anteriormente.

Bajo este estado de la ley resolvimos en *Porto Rico Distilling Co.* v. *Seijo*, 42 D.P.R. 423, que cubierto por el legislador insular, en la Ley de Rentas Internas, determinado negocio o industria, el legislador municipal está impedido de imponer una contribución directa o indirecta sobre tal negocio o industria; en *Pueblo* v. *Irizarry*, 46 D.P.R. 898, que las asambleas municipales carecen de facultad para imponer una patente sobre el negocio de transporte cuando el Gobierno Insular ya ha fijado una contribución insular para el ejercicio de tal negocio; en *Andréu, Aguilar & Co.* v. *Benítez, Admor.*, 56 D.P.R. 580, que ordenanzas municipales aprobadas por el Gobierno de la Capital disponiendo el pago de patentes sobre un negocio al cual se le ha fijado una contribución por la ley insular de rentas número 85 de 1925, son *ultravires* y nulas; y en *San Miguel & Cía.* v. *Diez de Andino, Tes.*, 71 D.P.R. 344, que estando la venta de cemento hidráulico gravado con un impuesto insular bajo la Ley de Rentas Internas, el Gobierno de la Capital carece de autoridad para incluir el monto de las ventas de ese cemento en el volumen de negocios de una firma a los efectos de imponerle una patente municipal porque en esa forma se impone de modo indirecto un tributo que es contrario a la sec. 99 de la Ley de Rentas Internas. Sin embargo, la doctrina sostenida por estos casos deja de tener

fuerza jurisprudencial a partir de la fecha en que entró en vigor la Ley núm. 437, aprobada por nuestra Legislatura en 15 de mayo de 1951—Leyes de Puerto Rico de ese año, pág. 1255. Esta ley enmendó la sec. 99 de la Ley de Rentas Internas para que lea como sigue:

"Sección 99.—A partir del día en que esta Ley sea aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico, podrá imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de esta Ley, *con excepción de la contribución sobre el volumen de negocios autorizados por la Ley número 26, aprobada en 28 de marzo de 1914, conocida como 'Ley de Patentes Municipales',* según la misma ha sido enmendada, *cuya imposición por los municipios y el Gobierno de la Capital queda expresamente autorizada, debiendo incluirse en el volumen de negocios las operaciones mercantiles sobre artículos gravados por esta Ley o por cualquier ley insular de arbitrios.* Cuando la aplicación de la Ley de Patentes Municipales, juntamente con la aplicación de esta Ley, o cualquier ley insular de arbitrios, produzca una situación contributiva insostenible, por infringir alguna prohibición constitucional, si dicha situación resultare constitucional mediante la imposición y cobro de uno solo de los dos impuestos, prevalecerá la contribución insular." (Bastardillas nuestras.)

Al discutir el primer error señalado, la apelante arguye que la Ley Municipal es una ley especial mientras que la Ley de Rentas Internas es una general y que si bien una ley especial puede ser modificada por una ley general, ([4]) es preciso y necesario que expresa o claramente aparezca tal modificación o derogación, lo que según ella, no ocurre en este caso toda vez que ni del título, ni del cuerpo de la Ley núm. 437 ni de su fraseología aparece que dicha ley tenga otro propósito que el de enmendar la Ley de Rentas Internas, sin que dicha enmienda afecte la Ley Municipal. No tiene razón.

El inciso (*f*) del art. 46 de la Ley Municipal y la sec. 99 de la Ley de Rentas Internas, en tanto en cuanto restringen la autoridad de los municipios para imponer contribuciones,

---

([4]) *De la Vega* v. *Sancho Bonet, Tes.,* 56 D.P.R. 753.

arbitrios o impuestos sobre artículos ya gravados por la ley Insular [Ley de Rentas Internas], son disposiciones *in pari materia* y deben, por tanto, ser interpretadas conjuntamente aun cuando se tratara de una ley especial y otra general. 2 Sutherland, *Statutory Construction*, (3ª ed.), sec. 5202, pág. 535 y sec. 5204, pág. 541; 50 Am. Jur., sec. 348, pág. 343. La enmienda introducida en 1951 por la Ley núm. 437 a la sec. 99 de la Ley de Rentas Internas, incorporó una excepción a la restricción impuesta a los municipios, según dejamos dicho, a saber: se excluyó de la prohibición la contribución sobre el volumen de negocios autorizados por la Ley de Patentes Municipales y se autorizó a incluir en dicho volumen de negocios las operaciones mercantiles sobre artículos gravados por la Ley de Rentas Internas o por cualquier ley insular de arbitrios.

El principio de que las leyes *in pari materia* deben ser interpretadas conjuntamente es meramente una prolongación del principio de que todas las partes de una ley deben ser interpretadas conjuntamente y su corolario de que una enmienda y aquella porción inalterada de la ley original deben interpretarse conjuntamente. 2 Sutherland, ob. cit., sec. 5205, pág. 544. En consecuencia, debe tratar de darse efectividad a cada parte del estatuto evitando cualquier conflicto entre la enmienda y la parte de ley original no enmendada. Sin embargo, si la enmienda y las disposiciones de la ley original que no han sufrido cambios, no pueden armonizarse, entonces las nuevas disposiciones deben prevalecer como la última expresión de la voluntad legislativa. 1 Sutherland, ob. cit., sec. 1934, pág. 430. Esta es la situación que presenta el caso de autos. Consideradas ambas leyes, la Municipal y la de Rentas Internas, en sus respectivos incisos (inciso (*f*) del art. 46 y sec. 99), como un solo estatuto, deberá entenderse que prevalece la enmienda introducida a la sec. 99 de la Ley de Rentas, por ser la última expresión de la voluntad legislativa.

 Puede argüirse que no se trata aquí de disposiciones *in pari materia*. Sin embargo, aún así deberá entenderse que el inciso (*f*) del art. 46 de la Ley Municipal ha sido enmendado implícitamente por la Ley 437 de 1951, no empece el hecho de que en esta última ley no se haga referencia a aquélla. Una enmienda implícita es una ley que aunque de tenor independiente, sustancialmente altera, modifica o agrega algo a una ley anterior. Ordinariamente una enmienda a una ley anterior debe ser expresa. Las enmiendas implícitas, como las derogaciones implícitas, no son favorecidas. Ello no obstante, cuando los términos de una ley posterior son tan inconsistentes con los de una ley anterior que ambas no pueden subsistir juntas, se entenderá que la posterior ha enmendado implícitamente la anterior, especialmente cuando el resultado de tal interpretación es dar efectividad a la intención legislativa. 1 Sutherland, ob. cit., sec. 1913, pág. 365; 50 Am. Jur., sec. 534 y 543, págs. 539 y 548. La doctrina es igualmente aplicable cuando se trata de leyes especiales y leyes generales.(⁵) Si las disposiciones de una y otra ley son irreconciliables, la ley general puede enmendar la especial. La cuestión se reduce siempre a una de intención legislativa. Véase 50 Am. Jur., sec. 564, pág. 565; *Ex parte United States*, 226 U. S. 420; *Rodgers* v. *United States*, 185 U. S. 83.

No hay duda alguna de que la enmienda introducida en 1951 a la sec. 99 de la Ley de Rentas Internas, estableciendo una excepción a la prohibición impuesta a los municipios de gravar artículos ya gravados por la ley insular, está en conflicto con la prohibición absoluta contenida en el apartado (*f*), art. 46, de la Ley Municipal. Aparte de ello, el lenguaje usado en la Ley 473, expresa claramente la intención del legislador de que los municipios puedan imponer patentes sobre el volumen de los negocios mencionados en la Ley de Paten-

---

(⁵) Aceptamos a los fines del argumento pero sin resolverlo, que la Ley Municipal es, según alega la apelante, una ley especial mientras que la Ley de Rentas Internas es una general.

tes, incluyendo las operaciones mercantiles sobre artículos gravados por la ley insular.

En nada fortalece la posición de la apelante, respecto al primer error señalado, el hecho de que la Ley 437 disponga que cuando la aplicación de la Ley de Patentes Municipales, juntamente con la aplicación de la Ley de Rentas Internas o cualquier ley insular de arbitrios, produzca una situación contributiva insostenible, por infringir alguna prohibición constitucional, si dicha situación resultare constitucional mediante la imposición y cobro de uno sólo de los dos impuestos, prevalecerá la contribución insular. Obviamente la prohibición constitucional a que se refiere la ley, no es, como alega la apelante, una prohibición impuesta por la Ley Municipal, y sí aquella prohibición impuesta por la Carta Orgánica de Puerto Rico, entonces en vigor, o por la Constitución de los Estados Unidos.

El primer error no fué cometido. Tampoco el segundo y el tercero. Debemos determinar, en primer lugar, si el negocio de la apelante, contrario a lo que ella sostiene, está incluído en la Ley de Patentes Municipales, y por tanto, sujeto a contribución municipal. La cuestión ha sido resuelta ya en su contra. Bajo el concepto de "establecimientos al por mayor", Grupo A de la Ley de Patentes promulgada en 1914, los municipios pueden imponer tributo por patente a todo establecimiento donde se vendan artículos de cualquier clase al por mayor. *Mun. de San Juan* v. *P. R. Coal Co.*, 28 D.P.R. 263. El de la apelante—venta de cigarrillos y gomas de mascar al por mayor—cae dentro del concepto de "establecimientos al por mayor".

También arguye la apelante que la Ley 437 "no faculta a los municipios al imponer patentes, incluir en el volumen de negocios aquéllos que pagan licencia insular, pues la autorización está limitada a incluir en el volumen de negocios, artículos gravados, es decir, los objetos que pagan arbitrios insulares, pero no a los negocios que pagan patentes o licencias insulares." Este argumento al igual que el esfuerzo que rea-

liza la apelante para demostrar que el historial legislativo de estas leyes acusan una intención de no imponer ambos tributos, el insular y el municipal, se estrellan contra el lenguaje claro e inequívoco de la Ley 437. En la exposición de motivos de esta ley, dice el legislador:

"Desde la aprobación de la Ley de Patentes en 1914 siempre ha sido norma legislativa que los impuestos autorizados por dicha Ley sean cobrados por las corporaciones municipales, *tanto sobre mercaderías y actividades libres de arbitrios insulares, como sobre mercaderías y actividades gravadas con dichos arbitrios.* Al aprobarse con la Ley de Rentas Internas de 1925 una Ley de Ventas gravando con arbitrios insulares las mismas ventas gravadas con el arbitrio municipal de la Ley de Patentes fué necesario aclarar que ambas contribuciones sobre las ventas continuarían cobrándose. Para ese fin se incorporó la Sección 99 a la Ley de Rentas Internas. Antes de esa fecha dicha Ley no había contenido disposición alguna relativa al cobro de las patentes municipales. La redacción original de la Sección 99 se hizo por la Legislatura bajo la aprensión de lo resuelto en *Fantauzzi* vs. *Asamblea Municipal de Arroyo,* 295 Fed. 803, por lo que se adoptó un lenguaje que ha dado margen a interpretaciones judiciales que han derrotado la norma legislativa. Es necesario revestir la norma legislativa referida de lenguaje que no dé margen a interpretaciones judiciales contrarias a lo que siempre ha sido la intención del legislador." (Bastardillas nuestras.) [6]

En consonancia con esa declaración, la sec. 99 de la Ley de Rentas Internas establece ahora una clara excepción a la restricción que se había impuesto a los municipios. Esa excepción no se refiere únicamente a los artículos gravados por la ley insular, sino que también incluye a los negocios o industrias especificados en la Ley de Patentes. Véase si no como reza la ley: "con excepción de la contribución sobre el volumen de negocios autorizados por la Ley número 26, aprobada en 28 de marzo de 1941, conocida como 'Ley de Patentes Mu-

---

[6] "Las expresiones contenidas en esa Exposición de Motivos en cuanto a cual había sido anteriormente la intención legislativa al aprobar la sección 99 en su texto original, no son definitivas, retroactivamente, ni desvirtúan la validez de la interpretación que de esa sección había hecho este Tribunal, . . . . . ." *Compañía Azucarera del Toa* v. *Municipio,* ante pág. 331.

nicipales', según la misma ha sido enmendada, *cuya imposición por los municipios y el Gobierno de la Capital queda expresamente autorizada*, debiendo incluirse en el volumen de negocios las operaciones mercantiles *sobre artículos gravados por esta Ley* o por cualquier ley insular de arbitrios." (Bastardillas nuestras.) En esta forma la ley concede facultad expresa a los municipios para imponer el tributo sobre el volumen de los negocios especificados en la Ley de Patentes, aunque tales negocios estén sujetos a un tributo insular y además les autoriza a incluir en el volumen de negocios las operaciones mercantiles sobre artículos gravados por el gobierno insular. Las dudas que pudieran surgir con motivo de anteriores decisiones judiciales, respecto a si la legislatura quiso mantener en vigor ambas contribuciones, quedan disipadas ante el mandato claro y terminante de la Ley 437. El hecho de que esta ley autorice la imposición de una doble contribución no nos autoriza para prescindir de su letra.

*No habiéndose cometido ninguno de los errores señalados, la sentencia apelada será confirmada.*