MUNICIPIO DE MAYAGÜEZ, REPRESENTADO POR SU ALCALDE BAUDILIO VEGA BERRÍOS, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. FRANK VIZCARRONDO VIVAS, JUEZ, recurrido; CORONA BREWING CORPORATION, interventora.

*Número:* 64     *Resuelto:* 25 de junio de 1962

*A. Nazario Janer,* abogado del peticionario; *Beverley, Castro & Rodríguez Lebrón,* abogados de la interventora.

Sala integrada por el Juez Asociado señor Belaval como Presidente de Sala y los Jueces Asociados señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

La Cervecería Corona, Inc. solicitó en la Sala de Mayagüez del Tribunal de Distrito la devolución de cantidades que pagó bajo protesta al Municipio de Mayagüez por concepto de patentes para los años 1957–58 y 1958–59. La contribución se le impuso sobre la venta al por mayor de cerveza y malta. El Tribunal de Distrito ordenó la devolución de $942.63 y $1,773.38 y la Sala de Mayagüez del Tribunal Superior confirmó. Expedimos *certiorari.*

La contención de la contribuyente se reduce a que a las fechas en que las referidas patentes fueron impuestas, el Municipio de Mayagüez no tenía facultad en ley para tributarla en tal concepto. La sentencia del Tribunal de Distrito fue confirmada por los siguientes fundamentos que expuso la Sala sentenciadora:

"Aunque la prohibición que siempre había existido contra los Municipios en cuanto a la imposición de patentes sobre la venta de productos ya sujetos a otros arbitrios insulares fue eliminada por la enmienda sufrida por la sección 99 en el año 1951 mediante la Ley Núm. 437 de dicho año, y cuya ley expresamente autorizó a los Municipios a imponer la contribución de patentes sobre cualquier artículo gravado por la Ley de Arbitrios o por cualquier otra ley insular de arbitrios, *A. J. Tristani v. Municipio,* 76 D.P.R. 758, esa autorización expresa quedó luego eliminada en el 1956 al aprobarse la nueva Ley de Arbitrios de Puerto Rico el 20 de enero de 1956 y sustituirse esta sección 99 por el artículo 82 de la nueva ley.

"Aparentemente por un error de redacción, se quedó fuera de las disposiciones del artículo 82 la enmienda que había sido incorporada en el 1951 a la sección 99 de la antigua Ley de Rentas Internas autorizando expresamente a los Municipios a imponer la contribución de patente municipal sobre los artículos gravados por la Ley de Arbitrios, *'o por cualquier ley insular de arbitrios.'* Esta última frase quedó fuera de la fraseología del artículo 82 de la nueva ley de arbitrios, quedando limitada la autorización concedida a los Municipios para imponer patente municipal sobre artículos ya gravados por otros arbitrios insulares únicamente a los artículos incluidos dentro de las disposiciones de la nueva ley de arbitrios. [Énfasis original.]

"Durante los años fiscales de 1956–57 y 1958–59 el artículo 82 permaneció redactado en esta forma, sin hacer extensiva la autorización concedida a los Municipios para imponer patentes a otros artículos o productos que no están enumerados dentro de la nueva Ley de Arbitrios, como lo son los productos de cerveza y malta, que pagan arbitrios insulares a base de las disposiciones de la Ley de Bebidas Alcohólicas, siendo forzoso concluir, a tenor con la norma interpretativa establecida por el Tribunal Supremo en los casos de *San Miguel y Cía. v. Diez de Andino, Tes.,* 71 D.P.R. 344; *Compañía Azucarera del Toa v. Municipio,* 76 D.P.R. 331 y *A. J. Tristani v. Municipio,* 76 D.P.R. 758, que el Municipio de Mayagüez carecía de facultad para exigir el pago de esta patente a la corporación demandante en relación con las ventas al por mayor realizadas por la demandante dentro del Municipio de Mayagüez en los años antes mencionados."

Cuando se aprobó la Ley de Rentas Internas de Puerto Rico,—Ley 85 de 20 de agosto de 1925,—se dispuso en su Sección 99 que a partir del día en que dicha Ley era aprobada, ningún distrito municipal ni otra división administrativa de Puerto Rico podría imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo las disposiciones de dicha Ley, pero estatuyó que nada de lo prescrito en la misma se entendería que derogaba en todo ni en parte la Ley Núm. 26 de 28 de marzo de 1914 que autorizaba a los municipios de la Isla a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de sus presupuestos. Esta declaración legislativa rigió así hasta el 15 de mayo de 1951 en que fue efectiva la Ley 437 de ese año.

Por razones que no es preciso ahora que entremos a pormenorizar, la Asamblea Legislativa creyó necesario explicar la necesidad de la Ley 437 y le redactó la siguiente Exposición de Motivos:

"Desde la aprobación de la Ley de Patentes en 1914 siempre ha sido norma legislativa que los impuestos autorizados por dicha Ley sean cobrados por las corporaciones municipales, tanto sobre mercaderías y actividades libres de arbitrios insulares, como sobre mercaderías y actividades gravadas con dichos arbitrios. Al aprobarse con la Ley de Rentas Internas de 1925 una Ley de Ventas gravando con arbitrios insulares las mismas ventas gravadas con el arbitrio municipal de la Ley de Patentes fue necesario aclarar que ambas contribuciones sobre las ventas continuarían cobrándose. *Para ese fin se incorporó la Sección 99 a la Ley de Rentas Internas.* Antes de esa fecha dicha Ley no había contenido disposición alguna relativa al cobro de las patentes municipales. La redacción original de la Sección 99 se hizo por la Legislatura bajo la aprensión de lo resuelto en Fantauzzi vs. Asamblea Municipal de Arroyo, 295 Federal 803, por lo que se adoptó un lenguaje *que ha dado margen a interpretaciones judiciales que han derrotado la norma legislativa.* Es necesario revestir la norma legislativa referida de lenguaje

que no dé margen a interpretaciones judiciales contrarias a lo que siempre ha sido la intención del legislador." (Énfasis suplido.)

Según quedó enmendada la Sección 99 por la Ley 437, se dispuso que ningún distrito municipal podría imponer o recaudar ningún impuesto ni arbitrio local sobre cualquier artículo sujeto a contribución bajo la Ley de Rentas Internas, "con excepción de la contribución sobre el volumen de negocios autorizados por la Ley número 26, aprobada en 28 de marzo de 1914, conocida como 'Ley de Patentes Municipales', según la misma ha sido enmendada, cuya imposición por los municipios y el Gobierno de la Capital queda expresamente autorizada, debiendo incluirse en el volumen de negocios las operaciones mercantiles sobre artículos gravados por esta Ley *o por cualquier ley insular de arbitrios.*" (Énfasis suplido.)

La Ley de Rentas Internas de 1925 y por lo tanto su Sección 99, tal como se ha transcrito, fue derogada por la "Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico",—Ley 2 de 20 de enero de 1956. Su Artículo 82 sustituyó la anterior Sección 99, y en un principio se redactó sustancialmente igual a como dicha sección había quedado enmendada por la Ley 437 de 1951, excepto que se omitió la frase final antes subrayada "o por cualquier ley insular de arbitrios". Por la Ley 75 de 25 de junio de 1959 efectiva en esa fecha, el artículo 82 quedó enmendado restituyéndole la materia omitida, aunque se redactó de la siguiente manera: . . . "*o sujetos al pago de cualquier arbitrio o impuesto en virtud de cualquier ley estatal.*"

La contención de la Corona sostenida por la Sala sentenciadora es que entre la fecha en que entró a regir la Ley 2 de 20 de enero de 1956, 90 días después de su aprobación, y el 25 de junio de 1959 en que fue efectiva la descrita enmienda a su Artículo 82, el Municipio de Mayagüez carecía de facultad en ley para imponer y cobrar las patentes que impuso para los años 1957–58 y 1958–59, por ausencia de la frase

aludida. Arguye que toda vez que la cerveza está tributada por la Ley de Bebidas y no por la Ley de Impuestos sobre Artículos de Uso y Consumo, la omisión de dicha frase durante ese período impedía la tributación.

La Ley de Espíritus y Bebidas Alcohólicas, —Ley Núm. 6 de 30 de junio de 1936, —dispuso en su Artículo 100 en relación con los impuestos sobre bebidas alcohólicas de manera sustancialmente igual a como disponía antes de ser enmendada la Sección 99 de la Ley de Rentas Internas. [1] La misma reserva en favor de los municipios que hizo el Legislador en relación con los impuestos de la Ley de Rentas Internas de 1925, manteniéndoles su poder de tributar bajo la Ley de Patentes, la hizo también en la Ley de Bebidas en cuanto a los impuestos fijados por esta Ley. De modo que lo expresado por la Asamblea Legislativa en la Exposición de Motivos de la Ley 437 de 1951 en torno a la Sección 99, es de igual virtualidad para el Artículo 100 de esta otra Ley.

En 1955 se aprobó legislación, también precedida por una Exposición de Motivos, en que la Asamblea Legislativa deseó fortalecer aún más el poder de tributación de los municipios bajo la Ley de Patentes. Por la Ley Núm. 54 de 7 de junio de 1955 se enmendó el inciso 4 del Artículo 26 de la Ley Municipal de 1928 que concedía a los municipios facultad para imponer contribuciones y arbitrios razonables dentro de sus límites jurisdiccionales, para adicionarle que, a los efectos de la aplicación de la Ley de Patentes, la Asamblea Municipal quedaba autorizada para incluir mediante ordenanza o resolución cualesquiera establecimientos o agen-

---

[1] "A partir de la fecha de la aprobación de esta Ley ningún distrito municipal o división administrativa de Puerto Rico podrá imponer y cobrar impuesto local alguno sobre productos sujetos a impuesto de acuerdo con las disposiciones de esta Ley; *Disponiéndose*, que nada de lo aquí dispuesto podrá interpretarse en el sentido de derogar, en su totalidad o en parte, la ley titulada 'Ley para autorizar a los municipios de la Isla de Puerto Rico a imponer y cobrar, en concepto de patentes, una contribución anual para cubrir las atenciones de su presupuesto, y para otros fines';..."

cias de industria y comercio que no se hubieren enumerado en la expresada Ley. Esa disposición se hizo efectiva cubriendo el año fiscal 1955–56. Por la Ley Núm. 4 de 7 de diciembre de 1955 dicha disposición fue eliminada del Artículo 26 de la Ley Municipal, pero por la Núm. 44 de 18 de junio de 1958 se restituyó en forma igual, efectiva desde el año fiscal 1957–58.

Aparte del historial legislativo que hemos expuesto, en el caso de *The Texas Co. (P.R.) Inc.* v. *Municipio*, 81 D.P.R. 499, sostuvimos, ratificando lo decidido en el *Municipio de San Juan* v. *P. R. Coal Co.* (1920), 28 D.P.R. 263, que "Establecimientos al por mayor", con que comienza el Grupo A de la Sección 2 de la Ley de Patentes constituye un renglón contributivo por si mismo cualquiera que fuere el producto vendido, con independencia de la especificación de negocios y artículos expresamente enumerados en esa Ley. Dijimos que no estaríamos justificados, en ausencia de demostración de que la doctrina de *P. R. Coal* fuera claramente errónea e insostenible en derecho, en alterar dicha interpretación para adoptar otra más restrictiva en contra del poder contributivo de los municipios, "a la luz de las claras e inequívocas expresiones que de tiempo en tiempo ha venido haciendo la Asamblea Legislativa con el fin de fortalecer, antes que debilitar, la facultad contributiva de los gobiernos municipales concedida en la Ley de Patentes." Concluimos que todo establecimiento *comercial* al por mayor tributa, cualquiera que sea la clase de producto o artículo que se venda en el mismo. ■

La contribuyente en este caso vende al por mayor cerveza y malta en el Municipio de Mayagüez. Ella conviene en que si estos productos fueran tributados por la Ley de Impuestos sobre Artículos de Uso y Consumo, el municipio hubiera tenido facultad para imponer la patente, pero que por estar tributados por otra ley, carece de tal facultad. No discute que antes de aprobarse la Ley Núm. 2 de 1956, y a partir de junio 25 de 1959 después de la Ley Núm. 75, haya existido

tal facultad, aunque no se tratara de un producto tributado por dicha Ley de Impuestos sobre Artículos de Uso y Consumo. ■■■■

En ello incurre en un error de enfoque. La facultad en ley del Municipio de Mayagüez para imponer la contribución aquí envuelta reside en la Ley de Patentes Municipales. No reside ni en la número 2 de 20 de enero de 1956 sobre impuestos en general, ni en la número 6 de Espíritus y Bebidas Alcohólicas de 30 de junio de 1936. En la Exposición de Motivos de la Ley 437 de 1951 nuestra Asamblea Legislativa habló demasiado elocuentemente en cuanto al alcance de este poder contributivo de los municipios como para que no se ignoren sus palabras. También habló elocuentemente en otra Exposición de Motivos posterior al aprobar la Ley 54 de 1955. El caso de *San Miguel y Cía.* v. *Diez de Andino*, invocado por la contribuyente, 71 D.P.R. 344, y en que descansa el fallo, se resolvió por nosotros el 4 de mayo de 1950, antes de aprobarse la Ley 437 y su Exposición de Motivos. Envolvía dicho caso un negocio de cemento hidráulico y la patente cubría el año 1946–47. *Compañía Azucarera del Toa* v. *Municipio*, 76 D.P.R. 331 se resolvió con posterioridad, pero envolvía una patente sobre el negocio de azúcar para el año 1950–51. En este caso, refiriéndonos ya a la Exposición de Motivos de la Ley 437 (pág. 335) dijimos que las expresiones contenidas en esa Exposición de Motivos en cuanto a cuál había sido la intención legislativa al aprobar la Sección 99 en su texto original, no eran definitivas, retroactivamente, ni desvirtuaban la validez de la interpretación que este Tribunal había dado a esa sección en determinados casos. Pero dicha Exposición de Motivos, decimos ahora, tiene un gran peso y no debe ser ignorada al resolver casos surgidos con posterioridad a la misma. En *A. J. Tristani* v. *Municipio*, 76 D.P.R. 758, dimos entera eficacia a la Ley 437, sosteniendo la contribución allí impuesta. Si bien es cierto que al derogarse toda la anterior Ley de Rentas Internas por la nueva Ley de Impuestos quedó derogada su Sección 99, la Exposición

de Motivos de la Ley 437 en tanto contiene la expresión de una intención legislativa no ha perdido su virtualidad. Por el contrario, la nueva Ley le dio cabal sentido. ■

Independientemente de lo dicho, la misma Ley de Bebidas en su Artículo 100 salvó el poder de los municipios para tributar bajo la Ley de Patentes en relación con los impuestos fijados a las bebidas alcohólicas. Carece por lo tanto de importancia en lo que a las contribuciones en litigio se refiere, el que en el Artículo 82 de la nueva Ley de Impuestos se omitiera por error o por las razones que fuere, la frase aquella "*o por cualquier ley insular de arbitrios*", en cuya omisión descansa la contribuyente para sostener que el Municipio de Mayagüez no tenía facultad en ley para tributarle.

*Por los fundamentos expuestos se anula la sentencia recurrida y se devuelven los autos a la Sala sentenciadora con Instrucciones de que revoque las sentencias dictadas por la Sala de Mayagüez del Tribunal de Distrito que ordenó la devolución de las contribuciones reclamadas, y dicte otra desestimando las demandas, con los demás pronunciamientos pertinentes en cuanto a costas y honorarios de abogado.*