Giménez Muñoz, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La correcta solución a las controversias señaladas en este recurso requiere que interpretemos tanto la disposición legal y el reglamento que requiere a las Asociaciones Con Fines No Pecuniarios no emplear más de un 20% del ingreso de cuotas de suscripción para gastos de administración.
I
La recurrente, Delta Dental Plan of Puerto Rico, Inc., en adelante la Asociación, es una corpora-ción sin fines de lucro, autorizada a prestar servicios de hospitalización y/o médico-quirúrgicos en el Estado Libre Asociado de Puerto Rico.
El Comisionado de Seguros, luego de llevar a cabo un examen de las operaciones y transacciones de la Asociación, le impuso multa de $4 mil por violaciones a la Ley Núm. 152 de 9 de mayo de 1942 y el reglamento aplicable.
De conformidad con el informe y el examen realizado en el año 1995, cubriendo el período comprendido entre el 1ro. de enero de 1992 y el 31 de diciembre de 1994, los gastos administrativos de la Asociación excedieron el 20% de los ingresos de suscripción, contrario a lo dispuesto en la Sección 6 (f) de la Ley Núm. 152 de 9 de mayo de 1942, 6 L.P.R.A. see. 46 (f) y del Artículo 16 del Reglamento para la Autorización y Funcionamiento de Asociaciones Con Fines No Pecuniarios para *911 Prestar Servicios de Hospitalización y/o Médico-Quirúrgicos.
Los gastos administrativos de la recurrente, en proporción con el ingreso por cuotas de suscripción, fueron del siguiente modo:
1991-$4,518,196 1992-$1,347,864 21.8%
1992- 6,932,648 1993-1,717,440 24.8%
1993- 8,919,812 1994- 1,942,420 29.8%
La Sección 6 (f) de la Ley Núm. 152, supra, dispone de la siguiente manera:

"[... ]

El Comisionado de Seguros no expedirá licencia anual a ninguna asociación [...] a menos que haya demostrado a su satisfacción:

(a) [...]

(b) [...]

(c)[...l

(d)[... 1

(e)[...J

(f) Que en ningún año la asociación empleará más de un 20% del ingreso de cuotas de suscripción para gastos de administración."

El Artículo 16 del Reglamento ya mencionado dispone en lo pertinente que:

"[e]n ningún año la asociación habrá de emplear más de un 20% del ingreso por cuotas de suscripción para gastos de administración, entendiéndose que el término "ingreso" sobre el cual ha de basar dicho porciento significará el importe de las cuotas devengadas durante el año anterior a aquél en que ha de regir el presupuesto."

En la resolución que emitiera el Comisionado de Seguros, el 11 de agosto de 1996, se dispone que la Asociación acepta que "técnicamente el Honorable Comisionado tiene razón. Sin embargo, entiende que existe incongruencia entre las dos disposiciones anteriormente citadas. La Asociación sostiene que la forma en que se deben computar los porcientos es comparando los ingresos y gastos del mismo año, y no los gastos de un año con el ingreso del año anterior".
La controversia planteada fue resuelta por el Comisionado de Seguros al señalar que no existe conflicto entre ambas disposiciones y que por el contrario, la disposición que contiene el reglamento define y aclara lo que se entiende por ingresos, para así lograr la ejecución de la ley.
Fue por lo señalado, entre otras consideraciones, que el comisionado le ordenó a la recurrente, cesar y desistir de emplear más de un 20% del ingreso por concepto de cuotas de suscriptores para gastos de administración y le impuso una multa administrativa de $4 mil. 
En su solicitud de revisión, presentada el 14 de octubre de 1996, la Asociación indica que el comisionado erró al aplicar la Sección 7.1 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. see. 2201, imponer la multa administrativa y al no declarar nula la última oración del Artículo 16 del Reglamento por ser contrario a la ley que implanta.
En relación al segundo error que expresa fuera cometido, la recurrente indica que el comisionado debió aplicar las disposiciones de la Sección 54 de la Ley Núm. 152, 6 L.P.R.A. see. 46, que autoriza *912 al comisionado a imponer multas administrativas que no excedan de $10 por cada infracción. Arguye la recurrente que la Ley Núm. 152, es una especial, creada para regular las Asociaciones Con Fines No Pecuniarios, mientras que la L.P.A.U. es una de carácter general.
II
-A-
A1 interpretar las disposiciones que contiene la Ley Núm. 152, supra, de que no habrá de emplearse más de un 20% del ingreso por concepto de cuotas de suscriptores para gastos de administración, consideramos que la misma fue suplementada con la aprobación del reglamento ya señalado al definir la palabra ingreso como que significa el importe de las cuotas devengadas durante el año anterior.
Esa disposición del reglamento sobre el significado de la palabra ingreso, que contiene la Ley Núm. 152, supra, no sólo suplemento, sino que cumplimentó el precepto estatutario de no emplearse más del 20% del ingreso por concepto de cuotas de suscriptores para gastos de administración. El reglamento, al indicar que se refiere al año anterior a aquél en que ha de regir el presupuesto, está a tono con la ley y es cónsono con la ley en cuestión.
Es preciso apuntar, además, que afín de implantar la ley como le fuera encomendada al comisionado, era necesaria la aclaración que hizo por mediación del reglamento que fuera aprobado. 6 L.P.R.A. see. 54. Si aceptamos que la expresión por excelencia de la intención legislativa es el texto de la ley y que el legislador le dio facultad al comisionado para dictar reglamentos para la debida ejecución de la ley, debemos acatar la disposición del reglamento aprobado.
Recuérdese, además, que en el caso de las Asociaciones Sin Fines de Lucro, la Asamblea Legislativa requiere la preparación y redacción previa de un presupuesto anual ante la Oficina del Comisionado que contenga un monto máximo como partida de gastos administrativos, 6 L.P.R.A. 41. Ello se requiere para la asociaciones que operan sin ánimo de lucro y evitar así el uso indebido de los ingresos. Es esa una de las maneras de fiscalizar el buen manejo de fondos en protección de todos los concernidos.
-B-
E1 otro señalamiento de error señalado por la recurrente tampoco fue cometido. Indica el recurrente, que la multa administrativa que le impusiera el comisionado, debió haber sido en virtud de la Sección 54 de la Ley Núm. 152, supra, y no de la L.P.A.U. Indica el recurrente que la Ley Núm. 152 es una ley especial que prevalece sobre una ley general. Arguye que la Ley Núm. 152 es especial y específica en materia de Asociaciones Con Fines No Pecuniarios y contiene una disposición que autoriza una multa de $10.00, mientras que nada dispone al respecto sobre multas.
Lo primero que debemos observar en lo que concierne a este error, es que el caso de autos comenzó y se atendió como un asunto administrativo ante la Oficina del Comisionado de Seguros, quien ordenó se practicara un examen de las operaciones y transacciones de la recurrente por una Oficial Examinadora en virtud de la Sección 8 de la Ley Núm. 152 del 9 de mayo de 1942, 6 L.P.R.A. see. 48. Fue luego de que se practicara el examen, y de conformidad con lo dispuesto en la L.P.A.U., 3 L.P.R.A. see. 2201, que el comisionado impuso una multa de 54 mil. La disposición citada en virtud de la cual se impuso la multa expresa que toda violación a las leyes que administran las agencias y los reglamentos emitidos pueden ser penalizadas con multas administrativas que no excedan de $5 mil.
En el caso Núm. KLRA-96-00179, en cuyo caso la recurrente hizo igual planteamiento, este Tribunal señaló que "delpropio texto de la aludida Sección 7.1 de la L.P.A.U., surge el derecho de las agencias a imponer penalidades mayores...".
Es cierto que la Ley Núm. 152, supra, es una ley especial aprobada el 9 de mayo de 1942, que controla los destinos de las asociaciones que se organicen con fines no pecuniarios con el objeto de establecer, mantener y operar planes de hospitalizaciones y/o médico-quirúrgicos. Pero también es cierto que la L.P.A.U. es igualmente una ley especial de reciente aprobación que se aplica a todos los procedimientos administrativos conducidos ante todas las agencias que no estén exceptuadas.
Como hemos visto antes, pues, el procedimiento iniciado y culminado por el comisionado fue un *913 procedimiento administrativo, conforme lo autoriza la L.P.A.U. y por ello esta ley gobernaba la imposición de multas administrativas.
De todos modos, de haber existido un conflicto irreconciliable entre los dos estatutos sobre la misma materia (imposición de multas), es diáfano que hubiere prevalecido la última expresión de la voluntad legislativa que es la aprobada con posterioridad (L.P.A.U.). Tristany v. Municipio, 76 D.P.R. 758 (1954).
ni
Por las consideraciones antes expresadas, se deniega el recurso solicitado
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 29
1. La recurrente solicitó reconsideración el 30 de agosto de 1996.